LINDBERGH PORTER, Bar No. 100091
lporter@littler.com
MARY D. WALSH, Bar No. 197039
mdwalsh@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

CHRISTOPHER L. DENGLER, Bar No. 251782
cdengler@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS PATTON, an individual, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:15-cv-03813<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>[Los Angeles County Superior Court Case No. BC577498]<br><br>Complaint Filed: April 2, 2015<br>Trial Date: None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree") hereby removes the action entitled *Patton v. Dollar Tree Stores, Inc.* from the Superior Court for the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California. This removal is based on the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1441(b) and 1446. Dollar Tree sets forth the grounds for jurisdiction and removal in more detail as follows:

### I.  STATEMENT OF JURISDICTION

1. Removal jurisdiction exists because this Court has original jurisdiction over this action under the CAFA. The CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). The CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.

2. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

### II.  VENUE

3. For removal jurisdiction purposes only, venue is proper in the United States District Court for the Central District of California, Western Division because Plaintiff Curtis Patton ("Plaintiff") filed his Complaint in the Superior Court for the County of Los Angeles. 28 U.S.C. §§ 84(c)(2), 1391 and 1446. Dollar Tree does not waive its right to file a motion to transfer for *forum non conveniens*.

### III.  PLEADINGS, PROCESS AND ORDERS

4. On April 2, 2015, Plaintiff filed an unverified complaint in the Superior Court for the County of Los Angeles, entitled *Curtis Patton v. Dollar Tree Stores,*

1  *Inc.*, Case Number BC577498 (the "Complaint").

2  5.  On May 5, 2015, Plaintiff delivered a copy of the Summons and Complaint to its agent for service of process. True and correct copies of the Summons and Complaint provided to Dollar Tree's agent for service of process are attached hereto as **Exhibit A**.

6.  On May 19, 2015, Dollar Tree filed an Answer to the Complaint with the Superior Court of California, County of Los Angeles. A true and correct copy of the Answer is attached hereto as **Exhibit B.**

7.  A copy of all other pleadings, processes and orders served on Dollar Tree (and not previously referenced) are attached hereto as **Exhibit C.**

8.  Plaintiff asserts six separate causes of action: (1) failure to pay overtime in violation of LAB. CODE §§ 510, 1194 & 1198; (2) failure to provide meal periods in violation of LAB. CODE §§ 226.7 & 512, and 8 CAL. CODE REGS. § 11070(11); (3) failure to provide rest periods in violation of LAB. CODE §§ 226.7 and 8 CAL. CODE REGS. § 11070(12); (4) failure to provide accurate itemized wage statements in violation of LAB. CODE § 226; (5) failure to provide printed wage statements in violation of LAB. CODE § 226; and (6) unfair competition in violation of BUS. & PROF. CODE §§ 17200, *et seq*.

9.  In addition to his own claims, Plaintiff seeks to represent two subclass of Dollar Tree's California employees:

- Subclass 1 (Store Manager Subclass): All persons employed as a Store Manager in one or more "Dollar Tree" branded stores in California at any time on or after April 2, 2011. Complaint at ¶ 3(a).
- Subclass 2 (Wage Statement Subclass): All persons employed in one or more "Dollar Tree" branded stores in California at any time on or after April 2, 2011. Complaint at ¶ 3(b).

IV.  **TIMELINESS OF REMOVAL**

10.  This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice

of removal of a civil action must be filed within thirty (30) days of service of the Summons and Complaint.

11. The complaint was filed on April 2, 2015, and was delivered on May 5, 2015, to Dollar Tree's agent for service of process. Therefore, Dollar Tree's Notice of Removal is well within the time limits set forth by section 1446(b).

## V. JURISDICTION PURSUANT TO THE CAFA

12. The CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). This action meets each of the CAFA requirements for removal because, as is set forth more particularly below: (a) the proposed class contains at least 100 members; (b) Dollar Tree is not a state, state official, or other governmental entity; (c) the total amount in controversy exceeds $5,000,000; and (d) there is diversity of citizenship between at least one class member and the only named defendant.

### A. The Proposed Class Contains At Least 100 Members.

13. The CAFA defines a "class action" as any civil action filed under Federal Rule of Civil Procedure 23 or similar state statute. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiff has pled this action as a class action pursuant to California Code of Civil Procedure section 382. Complaint at ¶¶ 3 and 8.

14. Plaintiff asserts two different subclasses in the Complaint. Plaintiff defines the putative subclasses he seeks to represent, as follows:

a) Subclass 1 (Store Manager Subclass) is defined as follows:

All persons employed as a Store Manager in one or more "Dollar Tree" branded stores in California at any time on or after April 2, 2011. Complaint at ¶ 3(a).

b) Subclass 2 (Wage Statement Subclass) is defined as follows:

All persons employed in one or more "Dollar Tree" branded stores in California

at any time on or after April 2, 2011. Complaint at ¶ 3(b).

15. Defendant's records reflect that Defendant employed approximately 960 individuals in the position of Store Manager in a Dollar Tree store in California between April 2, 2011, and the present (Plaintiff's proposed Subclass 1). Defendant's records reflect that it employed approximately 47,274 individuals in a Dollar Tree store in California between April 2, 2011, and the present (Plaintiff's proposed Subclass 2).[1] Approximately 21,621 individuals were or are employed in a Dollar Tree store in California from April 2, 2014 to the present. Thus, the aggregate number of the putative class members alleged in Plaintiff's Complaint exceeds the 100 person minimum CAFA threshold.

### B. Dollar Tree Is Not A State, State Official Or Governmental Entity.

16. Dollar Tree is a private corporation incorporated under the laws of the Commonwealth of Virginia. Therefore, it is not a state, state official, or governmental entity; nor is any of its related entities.

### C. The Parties Are Minimally Diverse.

17. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); 1453(b); *see Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) (noting CAFA vests original jurisdiction for class actions in federal court where minimal diversity exists); *Newcombe*, 157 F.3d at 690-91. Here, minimal diversity exists among the parties for removal pursuant to CAFA because Plaintiff is a citizen of the State of California and Dollar Tree is a citizen of the State of Virginia.

18. In the Complaint, Plaintiff alleges that he worked "as a Store Manager in the 'Dollar Tree' branded stores located in Garden Grove and Pico Rivera,

---

[1] The alleged time period for Plaintiff's proposed Subclass 2 is from April 2, 2011 to the present. However, the only cause of action asserted by Subclass 2 (Plaintiff's fifth cause of action for failure to provide printed wage statements) is for penalties pursuant to Labor Code section 226, and the statute of limitations for such causes of action is one year. CAL. CIV. P. CODE § 340(a). Therefore, Plaintiff's proposed Subclass 2 should be limited to no more than April 2, 2014 to the present.

California." Complaint at ¶ 6(a). Dollar Tree's business records indicate that Plaintiff last reported he physically resided in Monterey Park, Los Angeles County, California 91754-6547. *See* Declaration of David McDearmon, ¶ 6. Thus, Defendant has established by a preponderance of evidence that Plaintiff resided and was domiciled in Los Angeles County, and therefore a citizen of California.

19.  For diversity purposes, a corporation "shall be deemed a citizen of any State in which it is incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court's decision in *Hertz v. Friend*, 559 U.S. 77, 91-92 (2010), clarified that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which should "normally be the place where the corporation maintains its headquarters." Dollar Tree is a corporation incorporated under the laws of the Commonwealth of Virginia. Complaint at ¶ 9(a); *see also* Declaration of David McDearmon, ¶ 3.

20.  For diversity purposes, Dollar Tree's corporate headquarters are located in Chesapeake, Virginia, where its executive and senior management personnel live and work and its primary operations are located. *See* Declaration of David McDearmon, ¶ 3. Thus, Dollar Tree is *not* a citizen of California but a citizen of Virginia. *See Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation was citizen of state in which its corporate headquarters was located and where its executive and administrative functions were performed).

**D.    The Amount In Controversy Exceeds $5,000,000.**

21.  As recently confirmed by the United States Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S.Ct. 547, 554. The notice of removal "need not contain [any] evidentiary submissions" whatsoever. *Ibarra v. Manheim Investments, Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197 (citing *Dart, supra,* 135 S.Ct. at 554). It is

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

5.

only if "the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand . . . that both sides submit proof and the court then decides where the preponderance lies." *Ibarra, supra,* 775 F.3d at 1197 (citing *Dart, supra,* 135 S.Ct. at 554). Stated more simply, any plausible allegation in a defendant's notice of removal must be accepted, and can be challenged, if at all, only by way of a motion to remand.

22. Plaintiff's Complaint is silent as to the total amount in controversy. Nevertheless, as explained herein, the allegations in the Complaint demonstrate that the amount in controversy well exceeds the CAFA jurisdictional minimum of $5,000,000. By demonstrating that the amount in controversy exceeds the CAFA threshold, Dollar Tree in no way concedes the validity of Plaintiff's claims, the legal bases for the damages calculations or statute of limitations, or the likelihood that Plaintiff will recover anything.

23. A summary of the amounts put in controversy by the claims in Plaintiff's complaint is set forth below:

| Cause of Action | Amount |
|---|---:|
| Failure to pay overtime in California: | TBD |
| Failure to provide meal periods: | $7,698,240 |
| Failure to provide rest periods: | $7,698,240 |
| Inaccurate wage statements: | $1,673,350 |
| Failure to provide printed wage statements: | $29,188,350 |
| Unfair competition: | N/A |
| Attorneys' fees | TBD |
| **Total:** | **$46,258,180** |

24. <u>Missed Meal Periods</u>. Plaintiff's second cause of action seeks an hour of premium pay for missed meal periods, plus attorneys' fees, for over 960 current and former Dollar Tree Store Managers in California. Complaint at ¶¶ 27-32. The Complaint alleges that Dollar Tree "failed to provide meal periods as required by [applicable California law]" and has "intentionally and improperly denied meal periods to Plaintiff and the other members of the [Store Manager Subclass] in

violation of [applicable California law]" by "requiring Plaintiff and other members of [the Store Manager Subclass] to work through meal periods free from work duties." Complaint at ¶¶ 31-32. Plaintiff's allegation that he "[w]as not provided with meal breaks" and that "Plaintiff and the other members of [the Store Manager Subclass] have worked more than five hours in a workday [without being provided meal periods]" makes it clear that Plaintiff is alleging that every current and former non-exempt Store Manager employee who performed work in California and who worked more than five (5) hours in a work day in the past four years has been denied meal periods as required by California law. Complaint at ¶¶ 6(e) and 32.

25. For removal purposes, Dollar Tree interprets Plaintiff's allegation that employees were not provided the opportunity to take meal periods during any given workday, and Plaintiff's use of the term "intentionally and improperly," to mean employees did not receive a proper meal period 50% or more of the time. A similar assumption was previously acceptable in *Stevenson v. Dollar Tree Distribution Stores, Inc.* and again in *Stafford v. Dollar Tree Distribution Stores, Inc. See Stevenson v. Dollar Tree Distribution Stores, Inc.*, 2011 U.S. Dist. LEXIS 119801, *9-11 (E.D. Cal. Oct. 14, 2011) (Mueller, J.).

26. Based on a preliminary review of its records, Dollar Tree believes that its exempt Store Managers in California worked approximately 633,600 shifts[2] during the class period, and that those Store Managers earned an average of $24.30 per hour. Assuming, as Plaintiff alleges, that they were misclassified and that they missed 50% of their meal periods, the amount put in controversy by this claim is approximately $7,698,240.

---

[2] The 960 Store Managers employed in California, who worked at some point during the statutory period, worked an average of 132 weeks in the 4-year statutory period. Taking 132 weeks, multiplied by the 960 Store Managers employed in California at any given point in time during the class period, multiplied by 5 shifts worked per week, equals approximately 633,600 shifts worked by California Store Managers from April 2, 2011 to May 20, 2015.

27. <u>Missed Rest Breaks</u>. Plaintiff seeks an hour of premium pay for missed rest periods, for all 960 Store Managers who worked in California during the past four years. Similar to his meal period claims, Plaintiff alleges that Store Managers were "prevented" from taking rest breaks. Complaint at ¶ 38.

28. Using the same assumptions and reasoning discussed above with respect to meal periods, Plaintiff has put approximately $7,698,240 in controversy based on his third cause of action for missed rest breaks.

29. <u>Itemized Wage Statements</u>. Plaintiff's fourth cause of action seeks damages for Dollar Tree's alleged "knowing, willful, and unlawful failure to provide accurate wage statements." Complaint at ¶ 43. Pursuant to California Labor Code section 226(e)(1), the putative class is entitled to recover $50 for initial violations, $100 for subsequent violations and up to $4,000 in damages per employee. Plaintiff alleges that Dollar Tree's failure to include "the total hours worked and all wages earned . . . to Plaintiff and [the Store Manager Subclass]" caused class members to receive improper wage statements. Complaint at ¶ 42.

30. Plaintiff's fourth cause of action for failure to provide itemized wage statements is a cause of action for penalties pursuant to Labor Code section 226, and the statute of limitations for such causes of action is one year. CAL. CIV. P. CODE § 340(a). Dollar Tree estimates that approximately 683 Store Managers were working in California from April 2, 2014 through May 20, 2015. Based on a preliminary review of its records, Dollar Tree believes that its exempt Store Managers in California were issued approximately 17,075 wage statements[3] during the one-year statutory period. At an initial penalty of $50 and subsequent penalties at $100, this put a total of $1,673,350.00 in controversy for Plaintiff's fourth cause of action.

---

[3] The 683 Store Managers employed in California, who worked at some point from April 2, 2014 to May 20, 2015, worked an average of 25 pay periods. Taking 25 pay periods, multiplied by the 683 Store Managers employed in California at some point from April 2, 2014 to May 20, 2015, equals approximately 17,075 wage statements issued to California Store Managers from April 2, 2011 to May 20, 2015.

31. <u>Printed Wage Statements</u>. Plaintiff's fifth cause of action seeks damages for Dollar Tree's alleged "knowing, willful, and unlawful failure to provide accurate wage statements." Complaint at ¶¶ 46-47. Pursuant to California Labor Code section 226(e)(1), the putative class is entitled to penalties of $50 up to $4,000 per wage statement, per employee. Plaintiff alleges that Dollar Tree's failure "to provide wage statements in printed form, including the option of receiving such wage statements in printed form upon request" to Plaintiff and members of the Wage Statement Subclass is a violation of Labor Code section 226. Complaint at ¶ 46.

32. Approximately 9,987 employees currently are working in Dollar Tree Stores in California – with that number expanding to approximately 21,621 employees who have worked in Dollar Tree Stores in California from April 2, 2014 to the present.[4] Based on a preliminary review of its records, Dollar Tree believes that these 21,621 employees who have worked at a Dollar Tree store in California any time from April 2, 2014 to the present were issued approximately 302,694 wage statements[5] during the one-year statutory period. At an initial penalty of $50 and subsequent penalties at $100, this put a total of $29,188,350 in controversy for Plaintiff's fifth cause of action.

33. <u>Total</u>. Totaling the amounts above, Defendant estimates that Plaintiff has put approximately $46,258,180 in controversy based on only four causes of action. This amount does not include the amounts put in controversy by Plaintiff's causes of action for unpaid overtime in California. Finally, the $46.3 million figure does not include any of the attorneys' fees Plaintiff seeks to recover. Dollar Tree reserves the

---

[4] Because the statute of limitations for claims under California Labor Code section 226 is one year, Dollar Tree limits its amount in controversy calculation for this cause of action to April 2, 2014 to the present.

[5] The 21,621 individuals employed in a Dollar Tree store in California, who worked at some point from April 2, 2014 to May 20, 2015, worked an average of 14 pay periods. Taking 14 pay periods, multiplied by the 21,621 individuals employed in a Dollar Tree store in California, who worked at some point from April 2, 2014 to May 20, 2015, equals approximately 302,694 wage statements issued from April 2, 2011 to May 20, 2015.

right to offer evidence of the amounts put in controversy by such claims in the future to the extent its assertions herein or the jurisdictional basis for removal under CAFA are challenged.

34. In sum, the Complaint places in controversy in excess of the $5 million jurisdictional minimum required to establish diversity under the CAFA.

## VI. NOTICE TO PLAINTIFF AND THE STATE COURT

35. As required by 28 U.S.C. § 1446(b), Dollar Tree is concurrently providing Plaintiff, through his counsel, with written notice of this removal.

36. Further, Dollar Tree is also concurrently filing a copy of the Notice of Removal with the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

37. If the event the Court should be inclined to remand this action, Dollar Tree requests that the Court issue an order to show cause why the case should not be remanded, giving Dollar Tree (as well as plaintiff) an opportunity to present briefing and argument prior to any possible remand.

WHEREFORE, Dollar Tree hereby removes this action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of California.

Dated: May 20, 2015           Respectfully submitted,

/s/ *Christopher L. Dengler*
LINDBERGH PORTER
MARY D. WALSH
CHRISTOPHER L. DENGLER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
DOLLAR TREE STORES, INC.

Firmwide:133491757.4 061603.1171

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

10.