# EXHIBIT A

**CORPORATE CREATIONS**
Registered Agent · Director · Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

May 6, 2015

Dollar Tree Stores, Inc.
Debbie Torrence Legal Administrative Assistant
Dollar Tree, Inc.
500 Volvo Parkway
CHESAPEAKE VA 23320

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item:** 2015-1992

| | | |
|---|---|---|
| 1. | **Client Entity:** | Dollar Tree Stores, Inc. |
| 2. | **Title of Action:** | Curtis Patton vs. Dollar Tree Stores, Inc., et al. |
| 3. | **Document(s) Served:** | Summons<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum and Statement of Location<br>Complaint |
| 4. | **Court/Agency:** | Los Angeles County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | BC577498 |
| 7. | **Case Type:** | Other Employment |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 5/5/2015 1:14 PM |
| 10. | **Date to Client:** | Wednesday 5/06/2015 |
| 11. | **# Days When Answer Due:** 30<br>**Answer Due Date:** 6/4/2015 | **CAUTION**: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, Address and Phone Number) | Mike Arias, Esq.<br>555 12th Street, Suite 1230<br>Oakland, CA 94607<br>855-481-1020 / Fax: 510-291-9742 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CURTIS PATTON, an individual, on behalf of himself and all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 02 2015

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es:)* SUPERIOR COURT OF CALIFORNIA | CASE NUMBER: *(Número del Caso):* BC 577498 |
|---|---|

COUNTY OF LOS ANGELES, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mike Arias, Esq., 555 12th Street, Suite 1230, Oakland, California 94607; Tel. (855) 481-1020

| DATE: *(Fecha)* | SHERRI R. CARTER | Clerk, by *(Secretario)* | MYRNA BELTRAN | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

APR 02 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Dollar Tree Stores, Inc., a Virginia corporation

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Mike Arias, Esq. (SBN 115385)
Arias, Sanguinetti, Stahle & Torrijos, LLP
555 12th Street, Suite 1230
Oakland, California 94607
TELEPHONE NO: (855) 481-1020    FAX NO: (510) 291-9742
ATTORNEY FOR (Name): Curtis Patton

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

APR 02 2015

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Patton v. Dollar Tree Stores, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited | ☐ Counter ☐ Joinder | BC 577498 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 1.Overtime; 2.Meal Brk; 3.Rest Brk; 4.Paystubs; 5.Paystubs; 6.UCL
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 2, 2015

Mike Arias, Esq.
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Mike Arias, Esq. (SBN 115385)<br>Arias, Sanguinetti, Stahle & Torrijos, LLP<br>555 12th Street, Suite 1230<br>Oakland, California 94607<br>TELEPHONE NO. (855) 481-1020   FAX NO. (510) 291-9742<br>ATTORNEY FOR *(Name)*: Curtis Patton | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>APR 02 2(<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Myrna Beltran, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Patton v. Dollar Tree Stores, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BC 577498 |
|---|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | **Counter**   **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| Auto (22) | Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| Uninsured motorist (46) | Rule 3.740 collections (09) | Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | Other collections (09) | Construction defect (10) |
| **Damage/Wrongful Death) Tort** | Insurance coverage (18) | Mass tort (40) |
| Asbestos (04) | Other contract (37) | Securities litigation (28) |
| Product liability (24) | **Real Property** | Environmental/Toxic tort (30) |
| Medical malpractice (45) | Eminent domain/Inverse | Insurance coverage claims arising from the |
| Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | Wrongful eviction (33) | types (41) |
| Business tort/unfair business practice (07) | Other real property (26) | **Enforcement of Judgment** |
| Civil rights (08) | **Unlawful Detainer** | Enforcement of judgment (20) |
| Defamation (13) | Commercial (31) | **Miscellaneous Civil Complaint** |
| Fraud (16) | Residential (32) | RICO (27) |
| Intellectual property (19) | Drugs (38) | Other complaint *(not specified above)* (42) |
| Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| Other non-PI/PD/WD tort (35) | Asset forfeiture (05) | Partnership and corporate governance (21) |
| **Employment** | Petition re: arbitration award (11) | Other petition *(not specified above)* (43) |
| Wrongful termination (36) | Writ of mandate (02) | |
| ✓ Other employment (15) | Other judicial review (39) | |

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 1.Overtime; 2.Meal Brk; 3.Rest Brk; 4.Paystubs; 5.Paystubs; 6.UCL
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 2, 2015
Mike Arias, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: PATTON v. DOLLAR TREE STORES, INC. | CASE NUMBER BC 5 7 7 4 9 8 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 15    ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: PATTON v. DOLLAR TREE STORES, INC. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: PATTON v. DOLLAR TREE STORES, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: PATTON v. DOLLAR TREE STORES, INC. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>8790 Washington Blvd. |
|---|---|

| CITY: Pico Rivera | STATE: CA | ZIP CODE: 90660 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: April 2, 2015

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Mike Arias (CSB #115385)
Elise R. Sanguinetti (CSB #191389)
**ARIAS, SANGUINETTI,
STAHLE & TORRIJOS, LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (855) 481-1020
Facsimile: (510) 291-9742
mike@asstlawyers.com
elise@asstlawyers.com

Attorneys for Class Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 02 2015

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| CURTIS PATTON, an individual, on behalf of himself and all others similarly situated;<br><br>    Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.    BC 5 7 7 4 9 8<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>1. **FAILURE TO PAY OVERTIME COMPENSATION (LAB. CODE §§ 510, 1194, 1198);**<br><br>2. **FAILURE TO PROVIDE MEAL PERIODS [LAB. CODE §§ 226.7, 512, AND 8 CAL. CODE REGS. § 11070(11)]**<br><br>3. **FAILURE TO PROVIDE REST PERIODS [LAB. CODE § 226.7 AND 8 CAL. CODE REGS. § 11070(12)]**<br><br>4. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (LAB. CODE § 226);**<br><br>5. **FAILURE TO PROVIDE PRINTED WAGE STATEMENTS (LAB. CODE § 226);**<br><br>6. **UNFAIR COMPETITION (BUS. & PROF. CODE §§ 17200, ET SEQ.)**<br><br>**DEMAND FOR JURY TRIAL** |

Page 1

1

**JURISDICTION AND VENUE**

2     1.     This Court has jurisdiction over this action pursuant to Code of Civ. Proc. §

3     410.10.  The action is brought pursuant to Code of Civ. Proc. § 382, Civil Code § 1781, *et*

4     *seq.*, the procedural provisions of Federal Rules of Civil Procedure Rule 23, and Bus. &

5     Prof. Code §§ 17200, *et seq.*  Plaintiff brings this action on behalf of himself and all others

6     similarly situated.

7     2.     Venue is proper in this court pursuant to Code of Civ. Proc. §§ 395 and

8     395.5.  Defendants transact business and may be found within Los Angeles County.  The

9     course of conduct, breaches, violations, and unlawful patterns and practices alleged herein

10    occurred in Los Angeles County.

11    **PLAINTIFFS**

12    3.     The Subclasses that Plaintiff seeks to represent (the "Subclasses") comprise

13    the following persons:

14          a.     Subclass 1 (Store Manager Subclass): *All persons employed as a Store*

15    *Manager in one or more "Dollar Tree" branded stores in California at any time on or after*

16    *April 2, 2011.*

17          b.     Subclass 2 (Wage Statement Subclass): *All persons employed in one*

18    *or more "Dollar Tree" branded stores in California at any time on or after April 2, 2011.*

19    4.     More than two thirds of the members of Subclass 1 are citizens of California.

20    5.     More than two thirds of the members of Subclass 2 are citizens of California.

21    6.     At all relevant times herein mentioned, Plaintiff Curtis Patton:

22          a.     Was employed as a Store Manager in the "Dollar Tree" branded stores

23    located in Garden Grove and Pico Rivera, California;

24          b.     Was classified by Defendants as an exempt employee;

25          c.     Was scheduled by Defendants to work more than eight (8) hours a

26    day, five (5) days as week, and/or more than forty (40) hours a week;

27          d.     Worked more than eight (8) hours a day, five (5) days as week, and/or

28    more than forty (40) hours a week without receiving overtime compensation;

1          e.        Was not provided with meal breaks or authorized and permitted to

2  take rest breaks;

3          f.        Was not provided with accurate itemized wage statements;

4          g.        Was not provided with printed itemized wage statements; and

5          h.        Was a member of both Subclasses identified in paragraph 3, above.

6  ## CLASS ALLEGATIONS

7          7.        The persons who comprise the Subclasses are so numerous that joinder with

8  all such persons is impracticable and the disposition of his claims will benefit the parties

9  and the Court. The claims of Plaintiff are typical of the claims of the Subclasses. Plaintiff

10  will fairly and adequately protect the interests of the Subclasses. Plaintiff does not have

11  any interests that are antagonistic to the Subclasses. Counsel for Plaintiff are experienced,

12  qualified, and generally able to conduct complex class action litigation.

13          8.        This Court should permit this action to be maintained as a class action

14  pursuant to *Code of Civ. Proc.* § 382 for the following reasons:

15          a.        The questions of law and fact common to the Subclasses predominate

16  over any question affecting only individual members;

17          b.        A class action is superior to any other available method for the fair

18  and efficient adjudication of the claims of the members of the Subclasses;

19          c.        The members of the Subclasses are so numerous that it is impractical

20  to bring all members of the Subclasses before the Court;

21          d.        Plaintiff and the other members of the Subclasses will not be able to

22  obtain effective and economic legal redress unless the action is maintained as a class

23  action;

24          e.        There is a community of interest in obtaining appropriate legal and

25  equitable relief for the common law and statutory violations and other improprieties alleged

26  herein, as well as in obtaining adequate compensation for the damages and injuries for

27  which Defendants are responsible in an amount sufficient to adequately compensate the

28  members of the Subclasses for the injuries sustained;

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**COMPLAINT**

f.    Without class certification, the prosecution of separate actions by individual members of the Subclasses would create a substantial risk of the following:

i.    Inconsistent or varying adjudications with respect to individual members of the Subclasses that would establish incompatible standards of conduct for Defendants, and/or

ii.    Adjudications with respect to the individual members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and

g.    Defendants have acted, or refused to act, on grounds that are generally applicable to the Subclasses, thereby making final injunctive relief appropriate with respect to the Subclasses as a whole.

**DEFENDANTS**

9.    Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant Dollar Tree Stores, Inc., ("Dollar Tree") is, and at all relevant times herein mentioned:

a.    Was a duly organized Virginia corporation;

b.    Was duly qualified to conduct business, and was conducting business, in the State of California, including the County of Los Angeles; and

c.    Had its principal place of business in California.

i0.    The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of Defendants Does 1 through 100, inclusive ("Doe Defendants"), are unknown to Plaintiff who therefore sues these Doe Defendants by such fictitious names pursuant to *Code of Civ. Proc.* § 474. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they are ascertained.

///

///

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

Page 4

**COMPLAINT**

11. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants named in this complaint, including each of the Doe Defendants, is responsible in some manner for one or more of the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

12. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants named in this complaint, including each of the Doe Defendants, is, and at all relevant times herein mentioned was, the agent, servant, and/or employee of each of the other Defendants, and that each Defendant was acting within the course and scope of his, her, or its authority as the agent, servant, and/or employee of each of the other Defendants. Consequently, each Defendant is jointly and severally liable to Plaintiff and the other members of the Subclasses for the damages sustained as a proximate result of their conduct.

## BACKGROUND ALLEGATIONS

13. Defendants are a retail chain that sells discount consumer goods to the public and owns and operates approximately 435 retail stores in California.

14. During the class period, Plaintiff and the other members of Subclass 1 were employed by Defendants as Store Managers in these retail stores.

15. During the class Period, Defendants treated Plaintiff and the other members of Subclass 1 as exempt under California law but required them to perform an extensive array of non-managerial duties. Such duties (hereinafter referred to as the "Non-Managerial Duties") were not intellectual, managerial, or creative and did not require the exercise of discretion or independent judgment – they included running the cash registers, unloading trucks, stocking inventory onto shelves, transferring merchandise between stores, performing price changes, cleaning the stores, and performing countless other duties that were not intellectual, managerial, or creative and that did not require the exercise of discretion or independent judgment.

16. In addition to, and as a part of, requiring and expecting Plaintiff and the other members of Subclass 1 to perform the Non-Managerial Duties, Defendants subjected them

COMPLAINT

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1  to an extremely demanding work workload, expecting and scheduling them to work in

2  excess of eight hours a day, sometimes six to seven days a week, all the while failing to

3  allocate sufficient labor hours to run the stores without Plaintiff and the other members of

4  Subclass 1 having to spend the majority of their time engaged in the Non-Managerial

5  Duties.

6       17.    As a result of being misclassified as exempt, and subjected to an extremely

7  demanding workload without sufficient hourly labor to assist them, Plaintiff and the other

8  members of Subclass 1 were unable to avail themselves of their statutorily mandated meal

9  breaks and were prevented from doing so in that, at no time during the workday, let alone

10  before the end of their fifth hour of work, were they relieved of all duty and permitted to

11  leave the premises to properly take an uninterrupted meal break on their own time.

12       18.    As a result of being misclassified as exempt, and subjected to an extremely

13  demanding workload without sufficient hourly labor to assist them, Plaintiff and the other

14  members of Subclass 1 were unable to avail themselves of their statutorily mandated meal

15  breaks and were prevented from doing so in that, at no time during the workday, let alone

16  once every four hours or major fraction thereof, were they relieved of all duty and

17  authorized and permitted to properly take a rest break.

18       19.    During the class period, Plaintiff and the other members of Subclass 2 were

19  employed by Defendants as employees in Defendants' retail stores in California. However,

20  Defendants had a policy and practice of not providing its employees in California with

21  itemized wage statements in printed form or the option of receiving wage statements in

22  printed form upon request. As a result, Plaintiff and the other members of Subclass 2 were

23  denied itemized wage statements in printed form in accordance with California law.

24  ///

25  ///

26  ///

27

28

**COMPLAINT**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

### FIRST CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME COMPENSATION

### [*Labor Code* §§ 510, 1194, 1198]

### (By Plaintiff and Subclass 1 Against all Defendants)

20.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 19, inclusive, of this Complaint.

21.     *Labor Code* §§ 510 and 1198 provide that employees in California shall not be employed more than eight hours in any work day, and/or more than 40 hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

22.     *Labor Code* § 1194 provides that an employee who has not been paid overtime compensation as required by §§ 510 and 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damages in an amount equal to the overtime compensation unlawfully withheld, and interest thereon, in a civil action.  The action may be maintained directly against the employer in his/her name without first filing a claim with the California Department of Industrial Relations, Division of Labor Standards Enforcement.

23.     At all times relevant hereto, Plaintiff and the other members of Subclass 1 worked more than eight hours in any given workday and/or more than 40 hours in any given workweek as employees of Defendants.

24.     At no time relevant hereto was Plaintiff, or any other member of Subclass 1, exempt from any wage and hour provision under California law, including without limitation any statute, rule, or regulation governing the payment of overtime compensation.

25.     At all times relevant hereto, Defendants misclassified Plaintiff and the other members of Subclass 1 as exempt from overtime compensation and failed to pay to them overtime compensation for the hours they worked in excess of eight hours in a workday and/or 40 hours in a workweek, in violation of *Labor Code* §§ 200, 202, 203, 226, 500, 510, 558, 1194, and 1198.

Page 7

**COMPLAINT**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

26. As a direct and proximate result of Defendants' unlawful failure to pay additional compensation to Plaintiff and the other members of Subclass 1 for their overtime hours, Plaintiff and the other members of Subclass 1 have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

### SECOND CAUSE OF ACTION

### FOR FAILURE TO PROVIDE MEAL PERIODS

### [CAL. LAB. CODE §§ 226.7, 512 and 8 CAL. CODE REGS. § 11070(11)]

### (By Plaintiff and Subclass 1 Against All Defendants)

27. Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 26, inclusive, of this Complaint.

28. CAL. LAB. CODE § 226.7 provides as follows:

> a. No employer shall require any employee to work during any meal... period mandated by an applicable order of the Industrial Welfare Commission.
>
> ***
>
> b. If an employer fails to provide an employee a meal period... in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

29. In addition, CAL. LAB. CODE § 512 provides that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

30. Industrial Wage Order No. 7, which is codified under 8 CAL. CODE REGS. § 11070, *et. seq.*, also requires that for every work-shift longer than 5 hours, an employer is to provide its employees an uninterrupted meal break of no less than 30 minutes. 8 CAL. CODE REGS. § 11070(11)(A). For every work-shift longer than 10 hours, an employer is required to provide employees a second uninterrupted meal break of no less than 30 minutes. 8 CAL. CODE REGS. § 11070(11)(B). Wage Order No. 7 also states that an employer must relieve the employee of *all* work related duties during meal breaks; otherwise, the employee will be considered to be "on duty"

1    which constitutes compensable time.  8 CAL. CODE REGS. § 11070(11)(C).

2        31.    At all times relevant hereto, Plaintiff and the other members of Subclass 1

3    have worked more than five hours in a workday; however, at all times relevant hereto,

4    Defendants have failed to provide meal periods as required by CAL. LAB. CODE §§ 226.7,

5    512 and 8 CAL. CODE REGS. § 11070(11).

6        32.    By virtue of requiring Plaintiff and other members of Subclass 1 to work

7    through meal periods free from work duties, Defendants have intentionally and improperly

8    denied meal periods to Plaintiff and the other members of the Subclasses in violation of

9    CAL. LAB. CODE §§ 226.7, 512 and 8 CAL. CODE REGS. § 11070(11).  Plaintiff and the other

10   members of Subclass 1 have suffered, and will continue to suffer, damages in amounts

11   which are presently unknown to them but which exceed the jurisdictional limits of this

12   Court and which will be ascertained according to proof at trial.

## THIRD CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REST PERIODS

### [CAL. LAB. CODE § 226.7; 8 CAL. CODE REGS. § 11070(12)]

### (By Plaintiff and Subclass 1 Against All Defendants)

17       33.    Plaintiff realleges and incorporates by reference, as though fully set forth

18   herein, paragraphs 1 through 32, inclusive, of this Complaint.

19       34.    CAL. LAB. CODE § 226.7 provides as follows in pertinent part:

20              a.    No employer shall require any employee to work during
                any…rest period mandated by an applicable order of the
21              Industrial Welfare Commission.

22                                        ***
                b.    If an employer fails to provide an employee a… rest
23              period in accordance with an applicable order of the Industrial
                Welfare Commission, the employer shall pay the employee one
24              additional hour of pay at the employee's regular rate of
                compensation for each work day that the meal or rest period is
25              not provided.

26       35.    Industrial Wage Order No. 7, which is codified under 8 CAL. CODE REGS. § 11070,

27   *et. seq.*, requires employers to provide rest breaks which shall be counted as hours worked for which

28   there shall be no deduction of wages.  8 CAL. CODE REGS. § 11070(12)(A).

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**COMPLAINT**

36.     Subdivision 12(A) of 8 CAL. CODE REGS. § 11070 also requires that an employer provide its employees with a 10-minute rest break for every four-hour increment, or major fraction thereof, of time worked. "Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1029.

37.     CAL. LAB. CODE § 226.7 and 8 CAL. CODE REGS. § 11070, Subdiv. 12(B), further require that for every workday in which it fails to provide a rest period during any four-hour increment, or major fraction thereof, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

38.     Plaintiff and the other members of Subclass 1, regularly worked four-hour increments and were prevented from taking statutorily mandated rest breaks during their shifts. They were unable to avail themselves of such breaks for various reasons, including but not limited to, the pressures from their workloads.

39.     By virtue of Defendants' unlawful failure to authorize, permit, and provide rest periods as required by law, Plaintiff and the other members of Subclass 1 have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### [*Labor Code* § 226]

### (By Plaintiff and Subclass 1 Against all Defendants)

40.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 39, inclusive, of this Complaint.

41.     *Labor Code* § 226 provides that an employer shall provide its employees with accurate wage statements including the wages earned and the hours worked:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either

Page 10

1

2

3

> as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee[.]

4     42.    By causing Plaintiff and the other members of Subclass 1 to work without

5     compensation, Defendants have violated the requirement that the total hours worked and all

6     wages earned be included in the wage statement that must be provided to Plaintiff and the

7     other members of Subclass 1.

8     43.    By virtue of Defendants' knowing, willful, and unlawful failure to provide

9     accurate wage statements within the applicable statute of limitations, Plaintiff and the other

10    members of Subclass 1 have suffered, and will continue to suffer, damages in amounts

11    which will be ascertained according to proof at trial.

12                                **FIFTH CAUSE OF ACTION**

13            **FOR FAILURE TO PROVIDE PRINTED WAGE STATEMENTS**

14                                  **[*Labor Code* § 226]**

15                   **(By Plaintiff and Subclass 2 Against all Defendants)**

16    44.    Plaintiff realleges and incorporates by reference, as though fully set forth

17    herein, paragraphs 1 through 43, inclusive, of this Complaint.

18    45.    *Labor Code* § 226 provides that an employer shall provide its employees

19    with accurate wage statements including the wages earned and the hours worked.  In

20    providing such wage statements to its employees, the employer shall give the employees

21    the option of receiving such statements in printed form upon request.

22    46.    By failing to provide Plaintiff and the other members of Subclass 2 with

23    itemized wage statements in printed form, including the option of receiving such wage

24    statements in printed form upon request, Defendants have violated *Labor Code* § 226.

25    47.    By virtue of Defendants' knowing, willful, and unlawful failure to provide

26    printed wage statements within the applicable statute of limitations, Plaintiff and the other

27    members of Subclass 2 have suffered, and will continue to suffer, damages in amounts

28    which will be ascertained according to proof at trial.

Page 11

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

## SIXTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION

### [*Business & Professions Code* §§ 17200, *et seq.*]

### (By Plaintiff and Subclasses 1 and 2 Against all Defendants)

48.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 47, inclusive, of this Complaint.

49.     Defendants fall within the definition of "person" under *Business & Professions Code* § 17021.

50.     By and through the conduct described herein, Defendants engaged in unfair, unlawful, and fraudulent practices, in violation of *Business & Professions Code* §§ 17200, *et seq.*, and thereby deprived Plaintiff and the other members of the Subclasses of fundamental rights and privileges guaranteed to all California employees under the *Labor Code*.

51.     By and through their unfair, unlawful, and fraudulent business practices described herein, Defendants obtained valuable property, money, and services from Plaintiff and the other members of the Subclasses and thereby deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

52.     All of the acts described herein as violations of, among other things, the *Labor Code* and *Industrial Welfare Commission Wage Orders*, are unlawful and in violation of public policy.  Said acts are in addition immoral, unethical, oppressive, and unscrupulous, constituting unfair, unlawful, and fraudulent business practices in violation of *Business & Professions Code* §§ 17200, *et seq.*

53.     Plaintiff and the other members of the Subclasses are entitled to, and do seek, such relief as may be necessary to restore to them the money and property that Defendants have unfairly, unlawfully, and fraudulently acquired from them by means of the above-described business practices.

54.     Plaintiff and the other members of the Subclasses are further entitled to, and do, seek a declaration that the above-described business practices are unfair, unlawful, and

fraudulent and that injunctive relief should issue restraining Defendants from engaging in any of the above-described unfair, unlawful, or fraudulent business practices in the future.

55.    Plaintiff and the other members of the Subclasses have no plain, speedy, or otherwise adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair, unlawful, and fraudulent business practices of Defendants.  As a result of the unfair, unlawful, and fraudulent business practices described herein, Plaintiff and the other members of the Subclasses have suffered and will continue to suffer irreparable harm unless Defendants are restrained from continuing to engage in these unfair, unlawful, and fraudulent business practices.  In addition, Defendants should be required to pay restitution of the unpaid wages to Plaintiff and the other members of the Subclasses.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    **On the First Cause of Action:**
   a.    For unpaid wages;
   b.    For all applicable penalties; and
   c.    For injunctive relief.

2.    **On the Second Cause of Action:**
   a.    For unpaid wages;
   b.    For all applicable penalties; and
   c.    For injunctive relief.

3.    **On the Third Cause of Action:**
   a.    For unpaid wages;
   b.    For all applicable penalties; and
   c.    For injunctive relief.

4.    **On the Fourth Cause of Action:**
   a.    For damages;
   b.    For all applicable penalties; and

**COMPLAINT**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

c.   For injunctive relief.

5.   **On the Fifth Cause of Action:**

a.   For damages;

b.   For all applicable penalties; and

c.   For injunctive relief.

6.   **On the Sixth Cause of Action:**

a.   For restitution; and

b.   For injunctive relief.

7.   **On All Causes of Action:**

a.   For prejudgment interest;

b.   For reasonable attorney's fees, costs, and expenses;  and

c.   For such other and further relief as this Court deems just and proper.


Dated: April 2, 2015                                    **ARIAS, SANGUINETTI,**
                                                        **STAHLE & TORRIJOS, LLP**

                                                 By: _____

                                                        MIKE ARIAS
                                                        ELISE R. SANGUINETTI

                                                        Attorneys for Class Plaintiff

Page 14

**COMPLAINT**

1

### DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a trial by jury on all claims so triable.

3

4   Dated: April 2, 2015

**ARIAS, SANGUINETTI,
STAHLE & TORRIJOS, LLP**

5

6   By:

7   MIKE ARIAS
ELISE R. SANGUINETTI

8

Attorneys for Class Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 15

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/22/15                                                          **DEPT.** 311

HONORABLE JOHN SHEPARD WILEY JR      JUDGE   M. CERVANTES      DEPUTY CLERK

HONORABLE                         JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
ADD ON
           C. JONES, C.A.        Deputy Sheriff   NONE              Reporter

| | |
|---|---|
| BC577498 | Plaintiff<br>Counsel |
| CURTIS PATTON | |
| | Defendant<br>Counsel |
| VS | |
| DOLLAR TREE STORES INC | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
August 4, 2015, at 10:00 a.m. in Department 311.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 311

**MINUTES ENTERED**
04/22/15
**COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 04/22/15 | | | | DEPT. 311 |
|---|---|---|---|---|
| HONORABLE JOHN SHEPARD WILEY JR | | JUDGE | M. CERVANTES | DEPUTY CLERK |
| HONORABLE ADD ON | | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| | C. JONES, C.A. | Deputy Sheriff | NONE | Reporter |

| | |
|---|---|
| BC577498 <br><br> CURTIS PATTON <br><br>                VS <br> DOLLAR TREE STORES INC | Plaintiff <br> Counsel <br><br> Defendant <br> Counsel <br><br>         NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

https://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

            CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order and Initial Status Conference Order
upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered

MINUTES ENTERED
04/22/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 04/22/15 | | DEPT. 311 |
|---|---|---|
| HONORABLE JOHN SHEPARD WILEY JR | JUDGE | M. CERVANTES | DEPUTY CLERK |
| HONORABLE ADD ON | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| C. JONES, C.A. | Deputy Sheriff | NONE | Reporter |

| | |
|---|---|
| BC577498<br><br>CURTIS PATTON<br><br>           VS<br>DOLLAR TREE STORES INC | Plaintiff<br>Counsel<br><br>Defendant<br>Counsel<br><br>      NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated:  April 22, 2015

Sherri R. Carter, Executive Officer/Clerk


By: _____
        M. Cervantes, Deputy Clerk


Mike Arias
ARIAS, SANGUINETTI,
STAHLE & TORRIJOS, LLP
555 12th Street, Suite 1230
Oakland, CA 94607

MINUTES ENTERED
04/22/15
COUNTY CLERK

1

2 CONFORMED COPY
ORIGINAL FILED
3 Superior Court Of California
County of Los Angeles

4 APR 22 2015

5 Sherri R. Carter, Executive Officer/Clerk
By: Martha Cervantes, Deputy

6

7

8

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 **FOR THE COUNTY OF LOS ANGELES**

11

12 ) Case No.: BC577498
)
13 **CURTIS PATTON** ) INITIAL STATUS CONFERENCE
) ORDER (COMPLEX LITIGATION
14 ) PROGRAM)
Plaintiffs, )
15 )
) Case assigned for all purposes to
16 vs. ) HON. JOHN SHEPPARD WILEY
) **Department 311**
17 **DOLLAR TREE STORES, INC.** )
)
18 Defendant, )
)
19 )
)
20 )

21

22 This case has been assigned for all purposes to Judge John Sheppard Wiley in the

23 Complex Litigation Program. An Initial Status Conference is set for 8/4/15 at 10:00 am in

24
**Department 311**, located at the Central Civil West Courthouse at 600 South Commonwealth
25

26 Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

27

28

1

Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and confer in person (no later than 15 days before the Conference) and discuss the following areas. Additionally, counsel must be prepared to discuss these issues with the Court at the Initial Status Conference.

1. Consideration of any issues of recusal or disqualification;

2. Issues of law and/or potentially dispositive or significant threshold issues that, if considered by the Court, may simplify or further resolution of the case;

3. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);

4. A plan for preservation of evidence and uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The selection of the required electronic service provider;[1]

9. The handling of any potential publicity issues.

---

[1] Case Anywhere (www.caseanywhere.com), or
File & Serve Express (www.lexisnexis.com/fileandserve).

Counsel for the Plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed five court days prior to the hearing date. The Joint Status Conference Report must include the following:

1. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service list (service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel). The Court will issue an Order requiring electronic service. Counsel are to advise the Court regarding their preferred web-based electronic service provider at the time of the conference (Case Anywhere, LexisNexis, or Case Homepage);

3. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;

6. A description of core factual and legal issues – the parties should address any specific contracts, or contract provisions, on which Plaintiff's claims are based; any specific statutes the interpretation of which will be required to adjudicate Plaintiff's claims; and any specific Regulations the interpretation of which will be required to adjudicate Plaintiff's claims;

3

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. A discovery plan, including whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery;

9. A plan for discovery of electronically stored information. Regarding the production of electronically stored information, the parties are encouraged to have their respective IT consultants/employees participate in the meet and confer process. At a minimum, the following issues should be addressed with respect to the production of electronically stored information: (1) the information management systems employed by the parties; (2) the location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests;

10. Whether the parties are prepared to stipulate that discovery and/or pleading stays entered by the Court for case management purposes shall not be considered in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310.

11. Recommended dates and times for the following:

   a. The next status conference;

   b. A schedule for alternative dispute resolution, if it is relevant;

   c. A filing deadline (and proposed briefing schedule) for anticipated non-discovery motions, if any.

4

1

2
3
4
5
6
7
8
9
10

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party or of various parties shall be set forth separately in the Joint Statement. The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Pending further order of this Court, and except as otherwise provided in the Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearances shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of this case. This stay shall not preclude the parties from continuing informally exchange documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

28

1    Hereafter, all management stays, including stays of discovery issued by the Court, shall

2  not be considered as a stay per Code of Civil Procedure section 583.310 unless specifically

3  ordered by the Court.

4

5    Plaintiffs' counsel is to serve this Initial Status Conference Order on counsel for

6  Defendant, or if counsel is not known, on Defendant within five (5) days of the date of this

7  Order.

8    If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff is

9  to serve the Complaint within five (5) days of the date of this Order.

10

11

12  Dated: 4-22-15

13                          **JOHN SHEPARD WILEY JR.**

14                          Hon. John Shepard Wiley
                            Judge of the Superior Court
15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)<br>LASC Approved 04/11     **STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

    i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    ii. Include a brief summary of the dispute and specify the relief requested; and

    iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

    i. Also be filed on the approved form (copy attached);

    ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR_____)

➤ _____
(ATTORNEY FOR_____)

_____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

**BC 5 7 7 4 9 8**

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                                    By _____, Deputy Clerk
For Optical Use

MAY 0 5 2015