Mike Arias (CSB #115385)
Mikael H. Stahle (CSB #182599)
**ARIAS, SANGUINETTI,**
**STAHLE & TORRIJOS, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone:  (855) 481-1020
Facsimile:  (510) 291-9742
mike@asstlawyers.com
mikael@asstlawyers.com

Attorneys for Class Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS PATTON, an individual, on behalf of himself and all others similarly situated;<br><br>          Plaintiff,<br><br>     vs.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. 2:15-cv-03813<br><br>Hon. Michael W. Fitzgerald<br><br>**<ins>CLASS ACTION</ins>**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **FAILURE TO PAY OVERTIME COMPENSATION (LAB. CODE §§ 510, 1194, 1198);**<br><br>2. **FAILURE TO PROVIDE MEAL PERIODS [LAB. CODE §§ 226.7, 512, AND 8 CAL. CODE REGS. § 11070(11)]**<br><br>3. **FAILURE TO PROVIDE REST PERIODS [LAB. CODE § 226.7 AND 8 CAL. CODE REGS. § 11070(12)]**<br><br>4. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (LAB. CODE § 226);**<br><br>5. **FAILURE TO PROVIDE PRINTED WAGE STATEMENTS (LAB. CODE § 226);**<br><br>6. **UNFAIR COMPETITION (BUS. & PROF. CODE §§ 17200, ET SEQ.)** |

*ARIAS SANGUINETTI STAHLE & TORRIJOS LLP*

**FIRST AMENDED COMPLAINT**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**7.  PENALTIES PURSUANT TO LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") (LAB. CODE §§ 2698, *ET SEQ.*)**

**DEMAND FOR JURY TRIAL**

### JURISDICTION AND VENUE

1.     The Los Angeles County Superior Court has jurisdiction over this action pursuant to Code of Civ. Proc. § 410.10.  The action is brought pursuant to Code of Civ. Proc. § 382, *Civil Code* § 1781 *et seq.*, the procedural provisions of Rule 23 of the *Federal Rules of Civil Procedure*, and *Bus. & Prof. Code* §§ 17200 *et seq.*  Plaintiff brings this action on his own behalf, and on behalf of all persons within the class defined herein.

2.     Venue is proper in the Los Angeles County Superior Court pursuant to *Code of Civ. Proc.* §§ 395 and 395.5.  Dollar Tree Stores, Inc. ("Dollar Tree") is a Virginia corporation that operates and is doing business throughout the State of California, including the County of Los Angeles, and is within the jurisdiction of this Court for purposes of service of process.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

### PLAINTIFFS

3.     The Subclasses that Plaintiff seeks to represent (the "Subclasses") comprise the following persons:

    a.     Subclass 1 (Store Manager Subclass): *All persons employed as a Store Manager in one or more "Dollar Tree" branded store in California at any time on or after April 2, 2011.*

    b.     Subclass 2 (Wage Statement Subclass): *All persons employed in one or more "Dollar Tree" branded store in California at any time on or after April 2, 2011.*

**FIRST AMENDED COMPLAINT**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1      4.      More than two thirds of the members of Subclass 1 are citizens of

2  California.

3      5.      More than two thirds of the members of Subclass 2 are citizens of

4  California.

5      6.      At all relevant times herein mentioned, Plaintiff Curtis Patton:

6          a.      Was employed as a Store Manager in the "Dollar Tree"

7  branded stores located in Garden Grove and Pico Rivera, California;

8          b.      Was classified by Defendants as an exempt employee;

9          c.      Was scheduled by Defendants to work more than eight (8)

10  hours a day, five (5) days as week, and/or more than forty (40) hours a week;

11          d.      Worked more than eight (8) hours a day, five (5) days as

12  week, and/or more than forty (40) hours a week without receiving overtime

13  compensation;

14          e.      Was not provided with meal breaks or authorized and

15  permitted to take rest breaks;

16          f.      Was not provided with accurate itemized wage statements;

17          g.      Was not provided with printed itemized wage statements;

18  and

19          h.      Was a member of both Subclasses identified in paragraph 3,

20  above.

21                          **CLASS ALLEGATIONS**

22      7.      The persons who comprise the Subclasses are so numerous that

23  joinder with all such persons is impracticable and the disposition of his claims

24  will benefit the parties and the Court.  The claims of Plaintiff are typical of the

25  claims of the Subclasses.  Plaintiff will fairly and adequately protect the

26  interests of the Subclasses.  Plaintiff does not have any interests that are

27  antagonistic to the Subclasses.  Counsel for Plaintiff are experienced,

28  qualified, and generally able to conduct complex class action litigation.

**FIRST AMENDED COMPLAINT**

8.     This Court should permit this action to be maintained as a class action pursuant to *Code of Civ. Proc.* § 382 for the following reasons:

a.     The questions of law and fact common to the Subclasses predominate over any question affecting only individual members;

b.     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Subclasses;

c.     The members of the Subclasses are so numerous that it is impractical to bring all members of the Subclasses before the Court;

d.     Plaintiff and the other members of the Subclasses will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

e.     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties alleged herein, as well as in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Subclasses for the injuries sustained;

f.     Without class certification, the prosecution of separate actions by individual members of the Subclasses would create a substantial risk of the following:

i.     Inconsistent or varying adjudications with respect to individual members of the Subclasses that would establish incompatible standards of conduct for Defendants, and/or

ii.     Adjudications with respect to the individual members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the

**First Amended Complaint**

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

1  potential for exhausting the funds available from those parties who are, or may

2  be, responsible Defendants; and

3        g.    Defendants have acted, or refused to act, on grounds that are

4  generally applicable to the Subclasses, thereby making final injunctive relief

5  appropriate with respect to the Subclasses as a whole.

6  

## **DEFENDANTS**

7      9.    Plaintiff is informed and believes, and based on that information

8  and belief alleges, that Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is,

9  and at all relevant times herein mentioned:

10        a.    Was a duly organized Virginia corporation;

11        b.    Was duly qualified to conduct business, and was conducting

12  business, in the State of California, including the County of Los Angeles; and

13        c.    Had its principal place of business in California.

14      10.    The true names and capacities, whether individual, corporate,

15  partnership, associate, or otherwise, of Defendants Does 1 through 100,

16  inclusive ("Doe Defendants"), are unknown to Plaintiff who therefore sues

17  these Doe Defendants by such fictitious names pursuant to *Code of Civ. Proc.*

18  § 474. Plaintiff will seek leave to amend this complaint to allege their true

19  names and capacities when they are ascertained.

20      11.    Plaintiff is informed and believes, and based on that information

21  and belief alleges, that each of the Defendants named in this complaint,

22  including each of the Doe Defendants, is responsible in some manner for one

23  or more of the events and happenings, and proximately caused the injuries and

24  damages, hereinafter alleged.

25      12.    Plaintiff is informed and believes, and based on that information

26  and belief alleges, that each of the Defendants named in this complaint,

27  including each of the Doe Defendants, is, and at all relevant times herein

28  mentioned was, the agent, servant, and/or employee of each of the other

Page 5

**FIRST AMENDED COMPLAINT**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1    Defendants, and that each Defendant was acting within the course and scope of

2    his, her, or its authority as the agent, servant, and/or employee of each of the

3    other Defendants.  Consequently, each Defendant is jointly and severally liable

4    to Plaintiff and the other members of the Subclasses for the damages sustained

5    as a proximate result of their conduct.

6                        **BACKGROUND ALLEGATIONS**

7         13.    Defendants are a retail chain that sells discount consumer goods to

8    the public and owns and operates approximately 435 retail stores in California.

9         14.    During the class period, Plaintiff and the other members of

10   Subclass 1 were employed by Defendants as Store Managers in these retail

11   stores.

12        15.    During the class Period, Defendants treated Plaintiff and the other

13   members of Subclass 1 as exempt under California law but required them to

14   perform an extensive array of non-managerial duties.  Such duties (hereinafter

15   referred to as the "Non-Managerial Duties") were not intellectual, managerial,

16   or creative and did not require the exercise of discretion or independent

17   judgment – they included running the cash registers, unloading trucks,

18   stocking inventory onto shelves, transferring merchandise between stores,

19   performing price changes, cleaning the stores, and performing countless other

20   duties that were not intellectual, managerial, or creative and that did not

21   require the exercise of discretion or independent judgment.

22        16.    In addition to, and as a part of, requiring and expecting Plaintiff

23   and the other members of Subclass 1 to perform the Non-Managerial Duties,

24   Defendants subjected them to an extremely demanding work workload,

25   expecting and scheduling them to work in excess of eight hours a day,

26   sometimes six to seven days a week, all the while failing to allocate sufficient

27   labor hours to run the stores without Plaintiff and the other members of

28   Subclass 1 having to spend the majority of their time engaged in the Non-

Managerial Duties.

17.    As a result of being misclassified as exempt, and subjected to an extremely demanding workload without sufficient hourly labor to assist them, Plaintiff and the other members of Subclass 1 were unable to avail themselves of their statutorily mandated meal breaks and were prevented from doing so in that, at no time during the workday, let alone before the end of their fifth hour of work, were they relieved of all duty and permitted to leave the premises to properly take an uninterrupted meal break on their own time.

18.    As a result of being misclassified as exempt, and subjected to an extremely demanding workload without sufficient hourly labor to assist them, Plaintiff and the other members of Subclass 1 were unable to avail themselves of their statutorily mandated meal breaks and were prevented from doing so in that, at no time during the workday, let alone once every four hours or major fraction thereof, were they relieved of all duty and authorized and permitted to properly take a rest break.

19.    During the class period, Plaintiff and the other members of Subclass 2 were employed by Defendants as employees in Defendants' retail stores in California.  However, Defendants had a policy and practice of not providing its employees in California with itemized wage statements in printed form or the option of receiving wage statements in printed form upon request. As a result, Plaintiff and the other members of Subclass 2 were denied itemized wage statements in printed form in accordance with California law.

///

///

///

**FIRST AMENDED COMPLAINT**

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO PAY OVERTIME COMPENSATION**

**[*Labor Code* §§ 510, 1194, 1198]**

**(By Plaintiff and Subclass 1 Against all Defendants)**

20.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 19, inclusive, of this First Amended Complaint.

21.     *Labor Code* §§ 510 and 1198 provide that employees in California shall not be employed more than eight hours in any work day, and/or more than 40 hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

22.     *Labor Code* § 1194 provides that an employee who has not been paid overtime compensation as required by §§ 510 and 1198 may recover the unpaid balance of the full amount of such overtime compensation, together with costs of suit, as well as liquidated damages in an amount equal to the overtime compensation unlawfully withheld, and interest thereon, in a civil action.  The action may be maintained directly against the employer in his/her name without first filing a claim with the California Department of Industrial Relations, Division of Labor Standards Enforcement.

23.     At all times relevant hereto, Plaintiff and the other members of Subclass 1 worked more than eight hours in any given workday and/or more than 40 hours in any given workweek as employees of Defendants.

24.     At no time relevant hereto was Plaintiff, or any other member of Subclass 1, exempt from any wage and hour provision under California law, including without limitation any statute, rule, or regulation governing the payment of overtime compensation.

25.     At all times relevant hereto, Defendants misclassified Plaintiff and the other members of Subclass 1 as exempt from overtime compensation and

**FIRST AMENDED COMPLAINT**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1  failed to pay to them overtime compensation for the hours they worked in

2  excess of eight hours in a workday and/or 40 hours in a workweek, in violation

3  of *Labor Code* §§ 200, 202, 203, 226, 500, 510, 558, 1194, and 1198.

4  　　26.　As a direct and proximate result of Defendants' unlawful failure to

5  pay additional compensation to Plaintiff and the other members of Subclass 1

6  for their overtime hours, Plaintiff and the other members of Subclass 1 have

7  suffered, and will continue to suffer, damages in amounts which are presently

8  unknown to Plaintiff but which exceed the jurisdictional limits of this Court

9  and which will be ascertained according to proof at trial.

10  ## SECOND CAUSE OF ACTION

11  ## FOR FAILURE TO PROVIDE MEAL PERIODS

12  **[CAL. LAB. CODE §§ 226.7, 512 and 8 CAL. CODE REGS. § 11070(11)]**

13  **(By Plaintiff and Subclass 1 Against All Defendants)**

14  　　27.　Plaintiff realleges and incorporates by reference, as though fully

15  set forth herein, paragraphs 1 through 26, inclusive, of this First Amended

16  Complaint.

17  　　28.　*Labor Code* § 226.7 provides as follows:

18  　　　　a.　No employer shall require any employee to work
19  during any meal… period mandated by an applicable
    order of the Industrial Welfare Commission.

20  　　　　　　　　　　***
    b.　If an employer fails to provide an employee a
21  meal period… in accordance with an applicable order
    of the Industrial Welfare Commission, the employer
22  shall pay the employee one additional hour of pay at
    the employee's regular rate of compensation for each
23  work day that the meal or rest period is not provided.

24  　　29.　In addition, *Labor Code* § 512 provides that no employer shall

25  employ any person for a work period of more than five (5) hours without a

26  meal period of not less than 30 minutes.

27  　　30.　Industrial Wage Order No. 7, which is codified under 8 Cal. Code

28  Regs. § 11070, *et. seq.,*  also requires that for every work-shift longer than 5 hours,

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

an employer is to provide its employees an uninterrupted meal break of no less than 30 minutes. 8 Cal. Code Regs. § 11070(11)(A).  For every work-shift longer than 10 hours, an employer is required to provide employees a second uninterrupted meal break of no less than 30 minutes.  8 Cal. Code Regs. § 11070(11)(B).  Wage Order No. 7 also states that an employer must relieve the employee of *all* work related duties during meal breaks; otherwise, the employee will be considered to be "on duty" which constitutes compensable time.  8 Cal. Code Regs. § 11070(11)(C).

31.    At all times relevant hereto, Plaintiff and the other members of Subclass 1 have worked more than five hours in a workday; however, at all times relevant hereto, Defendants have failed to provide meal periods as required by *Labor Code* §§ 226.7, 512 and 8 Cal. Code Regs. § 11070(11).

32.    By virtue of requiring Plaintiff and other members of Subclass 1 to work through meal periods free from work duties, Defendants have intentionally and improperly denied meal periods to Plaintiff and the other members of the Subclasses in violation of *Labor Code* §§ 226.7, 512 and 8 Cal. Code Regs. § 11070(11).  Plaintiff and the other members of Subclass 1 have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

### THIRD CAUSE OF ACTION
### FOR FAILURE TO PROVIDE REST PERIODS
**[CAL. LAB. CODE § 226.7; 8 CAL. CODE REGS. § 11070(12)]**
**(By Plaintiff and Subclass 1 Against All Defendants)**

33.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 32, inclusive, of this First Amended Complaint.

34.    *Labor Code* § 226.7 provides as follows in pertinent part:

///

**FIRST AMENDED COMPLAINT**

a.    No employer shall require any employee to work during any…rest period mandated by an applicable order of the Industrial Welfare Commission.

\*\*\*

b.    If an employer fails to provide an employee a…rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

35.    Industrial Wage Order No. 7, which is codified under 8 Cal. Code Regs. § 11070, *et. seq.*, requires employers to provide rest breaks which shall be counted as hours worked for which there shall be no deduction of wages.  8 Cal. Code Regs. § 11070(12)(A).

36.    Subdivision 12(A) of 8 Cal. Code Regs. § 11070 also requires that an employer provide its employees with a 10-minute rest break for every four-hour increment, or major fraction thereof, of time worked.   "Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on."   (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1029.)

37.    *Labor Code* § 226.7 and 8 Cal. Code Regs. § 11070, Subdiv. 12(B), further require that for every workday in which it fails to provide a rest period during any four-hour increment, or major fraction thereof, the employer must reimburse the employee at a rate of an hour's pay at the employee's regular rate of pay.

38.    Plaintiff and the other members of Subclass 1, regularly worked four-hour increments and were prevented from taking statutorily mandated rest breaks during their shifts.   They were unable to avail themselves of such breaks for various reasons, including but not limited to, the pressures from their workloads.

///

FIRST AMENDED COMPLAINT

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

39.   By virtue of Defendants' unlawful failure to authorize, permit, and provide rest periods as required by law, Plaintiff and the other members of Subclass 1 have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

### FOURTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### [*Labor Code* § 226]

### (By Plaintiff and Subclass 1 Against all Defendants)

40.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 39, inclusive, of this First Amended Complaint.

41.   *Labor Code* § 226 provides that an employer shall provide its employees with accurate wage statements including the wages earned and the hours worked:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee[.]

42.   By causing Plaintiff and the other members of Subclass 1 to work without compensation, Defendants have violated the requirement that the total hours worked and all wages earned be included in the wage statement that must be provided to Plaintiff and the other members of Subclass 1.

43.   By virtue of Defendants' knowing, willful, and unlawful failure to provide accurate wage statements within the applicable statute of limitations, Plaintiff and the other members of Subclass 1 have suffered, and will continue

to suffer, damages in amounts which will be ascertained according to proof at trial.

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE PRINTED WAGE STATEMENTS**

**[*Labor Code* § 226]**

**(By Plaintiff and Subclass 2 Against all Defendants)**

44.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 43, inclusive, of this First Amended Complaint.

45.     *Labor Code* § 226 provides that an employer shall provide its employees with accurate wage statements including the wages earned and the hours worked.  In providing such wage statements to its employees, the employer shall give the employees the option of receiving such statements in printed form upon request.

46.     By failing to provide Plaintiff and the other members of Subclass 2 with itemized wage statements in printed form, including the option of receiving such wage statements in printed form upon request, Defendants have violated *Labor Code* § 226.

47.     By virtue of Defendants' knowing, willful, and unlawful failure to provide printed wage statements within the applicable statute of limitations, Plaintiff and the other members of Subclass 2 have suffered, and will continue to suffer, damages in amounts which will be ascertained according to proof at trial.

///

///

///

**FIRST AMENDED COMPLAINT**

*ARIAS SANGUINETTI STAHLE & TORRIJOS LLP*

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

### SIXTH CAUSE OF ACTION
### FOR UNFAIR COMPETITION
[*Business & Professions Code* §§ 17200, *et seq.*]

**(By Plaintiff and Subclasses 1 and 2 Against all Defendants)**

48.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 47, inclusive, of this First Amended Complaint.

49.     Defendants fall within the definition of "person" under *Business & Professions Code* § 17021.

50.     By and through the conduct described herein, Defendants engaged in unfair, unlawful, and fraudulent practices, in violation of *Business & Professions Code* §§ 17200, *et seq.*, and thereby deprived Plaintiff and the other members of the Subclasses of fundamental rights and privileges guaranteed to all California employees under the *Labor Code*.

51.     By and through their unfair, unlawful, and fraudulent business practices described herein, Defendants obtained valuable property, money, and services from Plaintiff and the other members of the Subclasses and thereby deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

52.     All of the acts described herein as violations of, among other things, the *Labor Code* and *Industrial Welfare Commission Wage Orders*, are unlawful and in violation of public policy.  Said acts are in addition immoral, unethical, oppressive, and unscrupulous, constituting unfair, unlawful, and fraudulent business practices in violation of *Business & Professions Code* §§ 17200, *et seq.*

53.     Plaintiff and the other members of the Subclasses are entitled to, and do seek, such relief as may be necessary to restore to them the money and

**FIRST AMENDED COMPLAINT**

property that Defendants have unfairly, unlawfully, and fraudulently acquired from them by means of the above-described business practices.

54.     Plaintiff and the other members of the Subclasses are further entitled to, and do, seek a declaration that the above-described business practices are unfair, unlawful, and fraudulent and that injunctive relief should issue restraining Defendants from engaging in any of the above-described unfair, unlawful, or fraudulent business practices in the future.

55.     Plaintiff and the other members of the Subclasses have no plain, speedy, or otherwise adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair, unlawful, and fraudulent business practices of Defendants.   As a result of the unfair, unlawful, and fraudulent business practices described herein, Plaintiff and the other members of the Subclasses have suffered and will continue to suffer irreparable harm unless Defendants are restrained from continuing to engage in these unfair, unlawful, and fraudulent business practices.   In addition, Defendants should be required to pay restitution of the unpaid wages to Plaintiff and the other members of the Subclasses.

## SEVENTH CAUSE OF ACTION
## FOR PENALTIES PURSUANT TO
## LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")
### [Cal. Lab. Code §§ 2698, *et seq.*]
### (By Plaintiff, as Private Attorney General, Against All Defendants)

56.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 55, of this First Amended Complaint.

57.     *Labor Code* §§ 2698, *et seq.*, known as the Labor Code Private Attorneys General Act of 2004 (hereinafter "PAGA" or "the Act"), expressly establishes that any provision of the Cal. Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development

**First Amended Complaint**

Agency ("LWDA"), or any of its departments, divisions, commissions, boards agencies or employees for a violation of the Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

58.　Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

59.　Plaintiff and all other persons employed by Defendant in one or more "Dollar Tree" branded store in California at any time on or after April 2, 2014 are "aggrieved employees," as defined by *Labor Code* § 2699, in that one or more of the violations alleged herein was committed against them, and each of them.

60.　Defendant is a retail chain that sells discount consumer goods to the public and owns and operates approximately 430 retail stores in California under the brand name "Dollar Tree."  Plaintiff and other current and former employees were employed as Store Managers in these stores. Throughout the employment of Plaintiff and other current and former employees as Store Managers, Defendant treated them as exempt under California law but required them to perform an extensive array of non-managerial duties. Such duties (hereinafter referred to as the "Non-Managerial Duties") were not intellectual, managerial, or creative and did not require the exercise of discretion or independent judgment – they included running the cash registers, unloading trucks, stocking inventory onto shelves, transferring merchandise between stores, performing price changes, cleaning the stores, and performing countless other duties that were not intellectual, managerial, or creative and that did not require the exercise of discretion or independent judgment.

///

**FIRST AMENDED COMPLAINT**

61.   In addition to, and as a part of, requiring Plaintiff and other current and former employees to perform the Non-Managerial Duties, Defendant subjected them to an extremely demanding work workload, expecting and scheduling them to work in excess of eight hours a day, sometimes six to seven days a week, all the while failing to allocate sufficient labor hours to run the stores without Plaintiff and other current and former employees having to spend the majority of their time engaged in the Non-Managerial Duties.

62.   As a result of being misclassified as exempt, and subjected to an extremely demanding workload without sufficient hourly labor to assist them, Plaintiff and other current and former employees were unable to avail themselves of their statutorily mandated meal breaks and were prevented from doing so in that, at no time during the workday, let alone before the end of their fifth hour of work, were they relieved of all duty and permitted to leave the premises to properly take an uninterrupted meal break on their own time.

63.   As a result of being misclassified as exempt, and subjected to an extremely demanding workload without sufficient hourly labor to assist them, Plaintiff and other current and former employees were unable to avail themselves of their statutorily mandated rest breaks and were prevented from doing so in that, at no time during the workday, let alone once every four hours or major fraction thereof, were they relieved of all duty and authorized and permitted to properly take a rest break.

64.   By unlawfully treating Plaintiff as exempt, along with other aggrieved employees employed as Store Managers in one or more "Dollar Tree" branded store in California on or after April 2, 2014, Defendant violated *Labor Code* §§ 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198, and 1199, and the applicable IWC WAGE ORDERS and deprived them of proper overtime and minimum wage compensation, statutory meal and

FIRST AMENDED COMPLAINT

rest periods, and accurate itemized wage statements and failed to keep accurate records.  Accordingly, in his capacity as Private Attorney General, on behalf of himself and all other aggrieved employees, Plaintiff seeks all applicable penalties, attorney's fees, and costs available under the Act on behalf of himself and the other aggrieved employees based on these violations.

65.    Further, during the statutory period, Plaintiff and other current and former employees were employed by Defendant as employees in Defendant's retail stores in California.  However, Defendant had a policy and practice of not providing its employees in California with itemized wage statements in printed form or the option of receiving wage statements in printed form upon request.  As a result, Plaintiff and other current and former employees were denied itemized wage statements in printed form in accordance with California law, in violation of *Labor Code* §§ 226 and 226.3.

66.    On April 6, 2015, Plaintiff sent a letter via certified mail to the LWDA and to Defendant as prescribed by the Labor Code.  (A true and correct copy of Plaintiff's letter is attached hereto as **Exhibit A**.)   The LWDA responded in a letter dated May 13, 2015, stating that it does not intend to investigate the allegations in Plaintiff's letter.  (A true and correct copy of the LWDA's letter is attached hereto as **Exhibit B**.)  Plaintiff is therefore entitled, as of right, pursuant to *Labor Code* § 2699.3(a)(2)(A) and (C), to amend his complaint to include a claim for penalties pursuant to *Labor Code* § 2699.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    **On the First Cause of Action:**

a.    For unpaid wages;

b.    For all applicable penalties; and

c.    For injunctive relief.

///

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

1        2.     **On the Second Cause of Action:**

2             a.     For unpaid wages;

3             b.     For all applicable penalties; and

4             c.     For injunctive relief.

5        3.     **On the Third Cause of Action:**

6             a.     For unpaid wages;

7             b.     For all applicable penalties; and

8             c.     For injunctive relief.

9        4.     **On the Fourth Cause of Action:**

10            a.     For damages;

11            b.     For all applicable penalties; and

12            c.     For injunctive relief.

13       5.     **On the Fifth Cause of Action:**

14            a.     For damages;

15            b.     For all applicable penalties; and

16            c.     For injunctive relief.

17       6.     **On the Sixth Cause of Action:**

18            a.     For restitution; and

19            b.     For injunctive relief.

20       7.     **On the Seventh Cause of Action:**

21            a.     For all applicable penalties.

22    ///

23    ///

24    ///

25

26

27

28

Page 19

**FIRST AMENDED COMPLAINT**

8.    **On All Causes of Action:**

    a.   For prejudgment interest;

    b.   For reasonable attorney's fees, costs, and expenses;  and

    c.   For such other and further relief as this Court deems just and proper.

Dated: June 10, 2015            **ARIAS, SANGUINETTI,
STAHLE & TORRIJOS, LLP**

                   By: _/s/ Mikael H. Stahle_____
                      MIKE ARIAS
                      MIKAEL H. STAHLE

                      Attorneys for Class Plaintiff

1                    **<u>DEMAND FOR JURY TRIAL</u>**

2         Plaintiff hereby demands a trial by jury on all claims so triable.

3

4    Dated: June 10, 2015          **ARIAS, SANGUINETTI,**

5                            **STAHLE & TORRIJOS, LLP**

6                By: *<u>/s/ Mikael H. Stahle</u>*

7                   MIKE ARIAS
                   MIKAEL H. STAHLE

8                   Attorneys for Class Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

EXHIBIT "A"



**ARIAS SANGUINETTI
STAHLE TORRIJOS**
—— TRIAL LAWYERS ——

April 6, 2015

<span style="text-decoration: underline">**VIA CERTIFIED MAIL**</span>

Bell Macaranas, PAGA Administrator
Labor and Workforce Development Agency
455 Golden Date Avenue, 9th Floor
San Francisco, CA 94102

Dollar Tree Stores, Inc.
500 Volvo Parkway
Chesapeake, VA 23320

Dollar Tree Stores, Inc.
c/o Corporate Creations Network Inc.
1430 Truxtun Avenue, Fifth Floor
Bakersfield, CA 93301

> **Re:** <span style="text-decoration: underline">***Curtis Patton v. Dollar Tree Stores, Inc.***</span>
> **Los Angeles County Superior Court Case No. BC577498**

Dear Sir or Madam:

Please take notice that this office represents Curtis Patton in the pending action entitled *Curtis Patton v. Dollar Tree Stores, Inc.*, Los Angeles County Superior Court Case No. BC577498, filed on April 2, 2015.

Please take further notice that Mr. Patton, as an aggrieved employee, intends to avail himself of the protections granted by the CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL ACT OF 2004 ("the Act") (CAL. LABOR CODE § 2698 *et seq*.).

Please take further notice that, pursuant to the procedures specified in CALIFORNIA LABOR CODE § 2699.3, Mr. Patton (hereinafter "EMPLOYEE"), on behalf of himself and other current and former employees in the position of Store Manager, claims that Dollar Tree Stores, Inc. (hereinafter "EMPLOYER"), a defendant in the above-entitled action, violated the following sections of the CALIFORNIA LABOR CODE: §§ 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1197, 1197.1, 1198, and 1199.

Sec. 226: EMPLOYER failed to furnish, at the time of each payment of wages, to each of its employees, an accurate itemized wage statement reflecting the total hours employees worked.

Sec. 226.3: EMPLOYER violated subdivision (a) of section 226 by failing to furnish, at the time of each payment of wages, to each of its employees, an accurate itemized wage statement for all EMPLOYEE'S hours worked. Although EMPLOYER provided an itemized wage statement, it did not state the total hours that EMPLOYEE and other current and former employees worked or EMPLOYEE'S and other current and former employees' hourly rate, nor did EMPLOYER provide EMPLOYEE and other current and former employees with itemized wage statements in printed form, including the option of receiving such wage statements in printed form upon request. Thus, EMPLOYER is subject to civil penalties as set forth under this section in addition to penalties as set forth the Act.

Sec. 226.7: EMPLOYER required EMPLOYEE and other current and former employees to work during meal and/or rest periods mandated by an applicable order of the Industrial Welfare Commission.

Sec. 510: EMPLOYER failed to pay EMPLOYEE and other current and former employees at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday; any work in excess of 40 hours in anyone workweek; the first eight hours worked on the seventh day of work in anyone workweek; and at the rate of no less than twice the regular rate of pay of any employee for any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek.

Sec. 512: EMPLOYER employed EMPLOYEE and other current and former employees for a period of more than five (5) hours without a meal period of not less than thirty (30) minutes despite a work period of more than six (6) hours a day. Said meal period was not waived by mutual consent of EMPLOYER and EMPLOYEE and other current and former employees. Similarly, EMPLOYER failed to provide EMPLOYEE and other current and former employees with the required ten (10) minute rest period per four (4) hours or major fraction thereof. Said rest period was not waived by mutual consent of EMPLOYER and EMPLOYEE or other current and former employees.

Sec. 558: EMPLOYER or other person acting on behalf of EMPLOYER violated, or caused to be violated, LABOR CODE §§ 500-558 or any provision regulating hours and days of work in any order of the Industrial Welfare Commission. EMPLOYER violated LABOR CODE sections 510 by failing to pay EMPLOYEE and other current and former employees at the rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in anyone workweek. EMPLOYER further violated LABOR CODE § 512 by employing EMPLOYEE and other current and former employees for a period of more than five hours without a meal period of not less than 30 minutes. EMPLOYER is thus subject to a civil penalty set forth under this section.

Sec. 1174: EMPLOYER failed to keep, at a central location in the state or at the plants or establishments at which EMPLOYEE and other current and former employees are/were employed, payroll records showing the hours worked daily by and the wages paid to EMPLOYEE and other current and former employees employed at the respective plants or establishments.

Sec. 1174.5: EMPLOYER violated Labor Code § 1174 by failing to maintain required records and is, therefore, subject to a civil penalty.

Sec. 1194: Within four (4) years last past, EMPLOYER failed to compensate EMPLOYEE and other current and former employees at the minimum wage for all hours worked as EMPLOYER failed to compensate EMPLOYEE and other current and former employees for all hours worked in the first instance. Rather than making the required payments under the applicable wage orders, EMPLOYER only paid EMPLOYEE and other current and former employees a flat salary rate that did not take into consideration the number of hours worked or the number of overtime hours worked. Because EMPLOYEE and other current and former employees were not paid for all hours worked, EMPLOYEE and other current and former employees thereby worked certain hours without being paid the legal minimum wage.

Sec. 1197: EMPLOYER failed to pay EMPLOYEE and other current and former employees the minimum wage for employees fixed by the Industrial Welfare Commission. EMPLOYER failed to compensate EMPLOYEE and other current and former employees the minimum wage for all hours worked by paying EMPLOYEE and other current and former employees a flat salary rate that did not take into consideration the number of hours worked or the number of overtime hours worked. The payment of a less wage than the minimum so fixed is unlawful.

Sec. 1197.1: EMPLOYER or other person acting either individually or as an officer, agent, or employee of another person, paid or cause to be paid EMPLOYEE and other current and former employees a wage less than the minimum fixed by an order of the commission and is thus subject to a civil penalty as set forth under this section.

Sec. 1198: EMPLOYER employed EMPLOYEE and other current and former employees for longer hours than those fixed by the order or under conditions of labor prohibited by order of the Industrial Welfare Commission. EMPLOYEE and other current and former employees worked more than eight hours in a day and/or more than 40 hours in a workweek. EMPLOYER failed to pay the appropriate overtime compensation.

Sec. 1199: EMPLOYER employed EMPLOYEE and other current and former employees for longer hours than those fixed by order of the Industrial Welfare Commission or under conditions of labor prohibited by the order of the Industrial Welfare Commission. EMPLOYEE and other current and former employees worked more than eight hours a day and/or more than 40 hours in a workweek.  EMPLOYER failed to pay the appropriate overtime compensation.

EMPLOYER is a retail chain that sells discount consumer goods to the public and owns and operates approximately 430 retail stores in California under the brand name "Dollar Tree." EMPLOYEE and other current and former employees were employed as Store Managers in these grocery stores. Throughout the employment of EMPLOYEE and other current and former employees as Store Managers, EMPLOYER treated them as exempt under California law but required them to perform an extensive array of non-managerial duties. Such duties (hereinafter referred to as the "Non-Managerial Duties") were not intellectual, managerial, or creative and did

not require the exercise of discretion or independent judgment – they included running the cash registers, unloading trucks, stocking inventory onto shelves, transferring merchandise between stores, performing price changes, cleaning the stores, and performing countless other duties that were not intellectual, managerial, or creative and that did not require the exercise of discretion or independent judgment.

In addition to, and as a part of, requiring EMPLOYEE and other current and former employees to perform the Non-Managerial Duties, EMPLOYER subjected them to an extremely demanding work workload, expecting and scheduling them to work in excess of eight hours a day, sometimes six to seven days a week, all the while failing to allocate sufficient labor hours to run the stores without EMPLOYEE and other current and former employees having to spend the majority of their time engaged in the Non-Managerial Duties.

As a result of being misclassified as exempt, and subjected to an extremely demanding workload without sufficient hourly labor to assist them, EMPLOYEE and other current and former employees were unable to avail themselves of their statutorily mandated meal breaks and were prevented from doing so in that, at no time during the workday, let alone before the end of their fifth hour of work, were they relieved of all duty and permitted to leave the premises to properly take an uninterrupted meal break on their own time.

As a result of being misclassified as exempt, and subjected to an extremely demanding workload without sufficient hourly labor to assist them, EMPLOYEE and other current and former employees were unable to avail themselves of their statutorily mandated meal breaks and were prevented from doing so in that, at no time during the workday, let alone once every four hours or major fraction thereof, were they relieved of all duty and authorized and permitted to properly take a rest break.

During the statutory period, EMPLOYEE and other current and former employees were employed by EMPLOYER as employees in EMPLOYER'S retail stores in California. However, Defendants had a policy and practice of not providing its employees in California with itemized wage statements in printed form or the option of receiving wage statements in printed form upon request. As a result, EMPLOYEE and other current and former employees were denied itemized wage statements in printed form in accordance with California law.

EMPLOYEE alleges that he and all other persons employed by EMPLOYER in California at any time on or after February 20, 2014 are "aggrieved employees," as defined by the Act. Accordingly, EMPLOYEE seeks to amend the action entitled *Curtis Patton v. Dollar Tree Stores, Inc.*, Los Angeles County Superior Court Case No. BC577498, filed on April 2, 2015, to add a cause of action pursuant to the Act and to seek all applicable penalties, attorney's fees, and costs on behalf of himself and the other aggrieved employees.

Senate Bill 1809 was approved as emergency legislation by the Governor and Chaptered by the Secretary of State. Senate Bill 1809 amended certain provisions of the Act. Specifically, CAL. LABOR CODE § 2699(a) now imposes a procedural "notice" requirement on any aggrieved employee intending to initiate an action under the Act. This notice provision is codified in CAL.

Page 5
April 6, 2015
*Curtis Patton v. Dollar Tree Stores, Inc.*

LABOR CODE § 2699.3, and requires that the aggrieved employee or representative give written notice to the Labor and Workforce Development Agency, and to the employer, of the CAL. LABOR CODE violations. By sending this letter, EMPLOYEE is complying with the statutory notice requirement.

Very truly yours,

ARIAS, SANGUINETTI,
STAHLE& TORRIJOS, LLP

Elise R. Sanguinetti

ERS/tw

EXHIBIT "B"



**STATE OF CALIFORNIA**
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY David Lanier

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Employment Development Department • Employment Training Panel • Public Employment Relations Board

May 13, 2015                                                                              **CERTIFIED MAIL**

Arias Sanguinetti Stahle Torrijos

555 12th Street, Suite 1230

Oakland, CA  94607

RE: Employer:     Dollar Tree Stores, Inc. c/o Corporate Creations
RE: Employee(s):  Curtis Patton, et al
RE: LWDA  No:     20079

This is to inform you that the Labor and Workforce Development Agency
(LWDA), in care of the Division of Labor Standards Enforcement (DLSE),
received your notice of alleged Labor Code violations pursuant to Labor Code
Section 2699, postmarked April 6, 2015, and after review, does not intend to
investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "…civil penalties recovered by aggrieved employees shall be distributed as
follows: 75 percent to the LWDA for enforcement of labor laws and education of
employers and employees about their rights and responsibilities under this
code."  Labor Code Section 2699(l) specifies "The superior court shall review
and approve any penalties sought as part of a proposed settlement agreement
pursuant to this part."

Consequently, you must advise DLSE of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned case number in any
future correspondence.

Sincerely,

Mark Woo-Sam
General Counsel

Cc:   Dollar Tree Stores, Inc. c/o Corporate Creations
       Network Inc. - 1430 Truxtun Avenue, Fifth Floor
       Bakersfield, CA 93301

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

## CERTIFICATION OF SERVICE BY MAIL
## (C. C. P. 1013A)

I, Belle Macaranas, do hereby certify that I am a resident or employed in the county of San Francisco.  I am over 18 years of age, not a party to the within action, and that I am employed at the business address below:

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

On **5/15/2015,** I served the within "Do Not Investigate" letter by placing a true copy thereof in an envelope addressed as follows:

Arias Sanguinetti Stahle Torrijos
555 12th Street, Suite 1230
Oakland, CA 94607
LWDA #20079

Which envelope was then sealed with postage and certified mail fees, (if applicable) fully prepaid thereon, deposited in the United States mail by

_____Ordinary first class mail

__**X**__Certified Mail

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 5/15/2015
at San Francisco, California.

**DLSE 544**