UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-03813-MWF (PJWx)          Date:  February 7, 2017
Title:    Curtis Patton, et al. -v- Dollar Tree Stores, Inc., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

         Deputy Clerk:                    Court Reporter:
         Rita Sanchez                     Not Reported

         Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
         None Present                      None Present

**Proceedings (In Chambers):**     ORDER RE MOTION FOR CLASS CERTIFICATION [34]

Before the Court is Lead Plaintiffs Curtis Patton and Francisca Guillen's Motion for Class Certification (the "Motion"), filed October 20, 2016. (Docket No. 34). Defendant Dollar Tree Stores, Inc. ("Dollar Tree") filed its Opposition on January 9, 2017. (Docket No. 44). Lead Plaintiffs replied on January 23, 2017. (Docket No. 48). The Court has read and considered the papers filed on the Motion and held a hearing on **February 6, 2017**.

For the reasons set forth below, the Motion is **GRANTED** *in part* and **DENIED** *in part*. Plaintiffs have sufficiently supported the Motion as to their claim under California Labor Code section 226, which is amenable to resolution on a classwide basis. Plaintiffs have failed to show that, as to their misclassification claims, individual differences will not overwhelm common questions of fact and law.

**I.     BACKGROUND**

On a motion for class certification, "a court must accept the substantive allegations in the complaint as true . . . ." *Vinh Nguyen v. Radient Pharm. Corp.*, 287 F.R.D. 563, 568 (C.D. Cal. 2012). The following allegations are drawn from the Second Amended Complaint.

Plaintiffs were Dollar Tree employees in 2013 and 2014. (Second Amended Complaint ("SAC") at ¶¶ 7–8). Patton was employed as a Store Manager, an exempt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-03813-MWF (PJWx)     Date: February 7, 2017
Title:     Curtis Patton, et al. -v- Dollar Tree Stores, Inc., et al.

position, at Dollar Tree's Garden Grove and Pico Rivera stores from about March 2013 to August 2014. (*Id.* ¶ 7). Guillen was employed as a Cashier and as an Assistant Store Manager, both nonexempt positions, at Dollar Tree's Pico Rivera store from about December 2013 to December 2014. (*Id.* ¶ 8).

Plaintiffs opted into receiving their paychecks via direct deposit. (*Id.* ¶¶ 7–8). They allege that they were not provided with printed, itemized wage statements, nor were they provided with the option of receiving wage statements in printed form upon request. (*Id.*). Their wage statements were only available to them by logging in to the store's cash registers. (*Id.*).

Patton further alleges that he regularly worked more than eight hours per day and forty hours per week without receiving overtime pay, despite spending a majority of his time performing non-managerial tasks. (*Id.* at ¶ 7, 17–18). Patton never received meal or rest breaks. (*Id.* ¶ 7).

Plaintiffs now seek to certify two classes — what the Court will refer to as the Wage Statement Class and Store Manager Subclass.

## II.     PLAINTIFFS' EVIDENTIARY OBJECTION

At the hearing, counsel for Plaintiffs requested that the Court rule on Plaintiffs' evidentiary objection to the 13 declarations submitted by Dollar Tree in support of its Opposition. (Reply at 9). The declarations do not address the Rule 23 factors, and thus were not necessary to the Court's analysis. Accordingly, the objections are **OVERRULED** *as moot*. *See, e.g.*, *Nano-Second Tech. Co. v. Dynaflex Int'l*, No. CV 10-9176 RSWL MANX, 2011 WL 4502025, at *2 (C.D. Cal. Sept. 28, 2011) (overruling as moot evidentiary objections unnecessary to the court's analysis).

//

//

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-03813-MWF (PJWx)        Date: February 7, 2017

Title:     Curtis Patton, et al. -v- Dollar Tree Stores, Inc., et al.

### III. PROPOSED WAGE STATEMENT CLASS

Plaintiff Francisca Guillen seeks to represent the Wage Statement Class, defined as:

> All persons employed in one or more of Defendant's retail stores in California at any time on or after April 2, 2014, who received their wages via direct deposit or Pay Card and have not entered into an arbitration agreement with Defendant.

(Mot. at 1). Guillen contends that Dollar Tree's wage statement policy violates California Labor Code section 226, which requires that wage statements be easily accessible, convertible into print at no expense to the employee, and that employees continue to have the option to elect traditional hardcopy wage statements in lieu of electronic wage statements. Cal. Lab. Code. § 226(a); *see also* DLSE Op. Ltr. No. 2006.07.06.

#### A. Rule 23(a)'s Requirements

Federal Rule of Civil Procedure 23(a) requires the putative class to meet four threshold requirements: numerosity, commonality, typicality, and adequacy of representation. *Id.*; *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). In addition, the proposed class must satisfy Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court bears in mind the Supreme Court's admonition in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), that "[a] party seeking class certification must affirmatively demonstrate his [or her] compliance with" Rule 23, that is the party "must prove that there are ***in fact*** sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis in original). Considering these requirements, the Court concludes that class certification is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-03813-MWF (PJWx)          **Date:** February 7, 2017
**Title:** Curtis Patton, et al. -*v*- Dollar Tree Stores, Inc., et al.

*First*, the Wage Statement Class meets the requirements of Rule 23(a). It has 5,450 class members, satisfying the numerosity requirement. *See Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 869 (9th Cir. 2002) (quoting *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 & n. 10 (9th Cir. 1982) (stating inclination "to find the numerosity requirement ... satisfied solely on the basis of the number of ascertained class members, i.e., 39, 64, and 71," and listing thirteen cases in which courts certified classes with fewer than 100 members), *vacated on other grounds*, 459 U.S. 810 (1982)).

*Second*, Guillen's claims are typical and common to the class as a whole. The Wage Statement Class challenges Dollar Tree's wage statement policy, which does not vary from employee to employee. Therefore, the issues to be litigated are shared across the class, and Guillen's claims are necessarily typical of class members. *See Dukes*, 564 U.S. at 350 (explaining that the class members' "claims must depend upon a common contention" that "must be of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.").

*Third*, Guillen presents evidence that her attorneys are sufficiently experienced and have been diligent in their prosecution of the action; moreover, Dollar Tree does not contend that either Guillen or her attorneys have any disqualifying conflict of interest. (Declaration of Francisca Guillen ("Guillen Decl.") at ¶¶ 4–7 (Docket No. 34-2); Declaration of Mike Arias ("Arias Decl.") at ¶¶ 4–8 (Docket No. 34-3)). This satisfies Rule 23's adequacy requirement. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citing Hanlon, 150 F.3d at 1020) ("To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-15-03813-MWF (PJWx)                   Date:  February 7, 2017
Title:     Curtis Patton, et al. *-v-* Dollar Tree Stores, Inc., et al.

At the hearing, counsel for Dollar Tree argued that Guillen lacks standing to pursue her section 226 claims because she was never unable to access her wage statements. First, the Court notes that although Dollar Tree alluded to Guillen's asserted lack of standing in its fact section, Dollar Tree never explicitly argued that Guillen failed to meet Rule 23's adequacy requirement, or otherwise failed to meet the requirements of Rule 23. The Court needs not address the argument at all.

Nevertheless, the Court agrees with Plaintiffs that section 226(e)(2), which defines the remedies for a violation of section 226(a), "plainly sets forth an objective standard to determine whether an actual injury occurred, which standard can be applied on a class-wide basis." *Clemens v. Hair Club for Men, LLC*, No. C 15-01431 WHA, 2016 WL 1461944, at *7 (N.D. Cal. Apr. 14, 2016) (discussing 2013 amendment to section 226 to require application of an objective standard); *see also* Ward v. United Airlines, Inc., No. C 15-02309 WHA, 2016 WL 1161504, at *2 (N.D. Cal. Mar. 23, 2016) ("Section 226(e)(2) defines 'injury' using an objective standard . . . .").

Therefore, as long as Guillen can show that the wage statements are not easily accessible, and/or otherwise fail to meet the requirements of section 226(a), she need not also show that she herself had difficulty in accessing the wage statements. Although Guillen's theory narrows the issues, leaving the class susceptible to a motion for summary judgment, it does not provide grounds to deny class certification at this stage of the proceedings.

Accordingly, the Court finds that the requirements of Rule 23(a) are met.

### B.     Rule 23(b)(3)'s Requirements

The Wage Statement Class also meets Rule 23(b)(3)'s predominance and superiority requirements. "The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the common and individual issues' in the case," and tests whether the proposed class is "'sufficiently cohesive to warrant adjudication by representation.'" *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 545 (9th Cir. 2013) (quoting *Hanlon*, 150 F.3d at 1022). "Common issues predominate over individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-03813-MWF (PJWx)         Date:  February 7, 2017
Title:    Curtis Patton, et al. -v- Dollar Tree Stores, Inc., et al.

issues when the common issues 'represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication.'" *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1182 (9th Cir. 2015) (citing 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1778 (3d ed. 1998)).  That is clearly true for the Wage Statement Class.  As the briefing on the Motion makes clear, resolution of the two parties' competing interpretations of California Labor Code section 226 will likely be dispositive.

Finally, the Wage Statement Class meets Rule 23(b)'s superiority requirement.  Where, as here, Plaintiffs challenge a policy affecting thousands of employees, and request a uniform means of relief, class resolution is the superior method of adjudicating the action.  The Court and the parties can expect that considerable resources will be conserved by adjudicating these issues on a classwide basis.  Dollar Tree does not meaningfully dispute this point.

Indeed, Dollar Tree's opposition to the request for certification of the Wage Statement Class is based entirely on their view that the pleadings are not viable under California Labor Code section 226.  Dollar Tree's opposing arguments are an attack on the merits, and thus are not appropriate for decision at the class certification stage.  "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have state a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."  *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177–78 (1974) (internal quotation marks omitted); *see also Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) (advising courts to "consider merits questions at the class certification stage only to the extent they are relevant to whether Rule 23 requirements have been met" and holding that district court correctly certified class where common legal question would decide the litigation).

Determining whether Dollar Tree's wage statement policy complied with the requirements of section 226 requires the Court to apply the law to the facts, as properly developed through discovery, regardless of whether a single plaintiff or a class of five thousand asserts the claim.  Dollar Tree will have the opportunity to raise its section 226 arguments in due course, on a separately noticed motion for judgment on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-03813-MWF (PJWx)          Date: February 7, 2017

Title:     Curtis Patton, et al. -*v*- Dollar Tree Stores, Inc., et al.

pleadings or motion for summary judgment. Whether the Complaint properly states a claim under section 226, however, does not affect the suitability of that question for resolution on a classwide basis.

Accordingly, the Motion is **GRANTED** as to the Wage Statement Class.

**IV.**     **PROPOSED STORE MANAGER SUBCLASS**

Plaintiff Curtis Patton seeks to certify the Store Manager Subclass, defined as:

> All persons employed as Store Manager in one or more of Defendant's retail stores in California at any time on or after April 2, 2011, who have not entered into an arbitration agreement with Defendant.

(Mot. at 2). Patton contends that he was misclassified as an exempt employee by Dollar Tree's policy. (Mot. at 17–21). Patton explains that although Dollar Tree applies a blanket exemption to Store Managers, it fails to monitor Store Managers to ensure they are spending a majority of their time on managerial tasks. (Mot. at 17–18). Patton contends that Dollar Tree's noninterventionist policy is itself an unfair labor practice under California Business & Professions Code section 17200 *et seq.* (the "UCL"). Patton also alleges derivative claims on behalf of the class, including violations of California's meal and rest break laws, a claim for unfair competition, and a claim for inaccurate itemized wage statements.

Assuming for purposes of the Motion that the Store Manager Subclass could meet the requirements of Rule 23(a), the Court must deny certification because Plaintiff fails to show that the Store Manager Subclass meets the predominance requirement of Rule 23(b)(3). "A principal purpose behind Rule 23 class actions is to promote efficiency and economy of litigation." *In re Wells Fargo Home Mortg. Overtime Pay Lit.*, 571 F.3d 953, 958 (9th Cir. 2009) (internal quotation marks omitted). "Common issues predominate over individual issues when the common issues 'represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication.'" *Edwards v. First Am. Corp.*, 798 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-03813-MWF (PJWx)           **Date:** February 7, 2017

**Title:** Curtis Patton, et al. -v- Dollar Tree Stores, Inc., et al.

1172, 1182 (9th Cir. 2015) (citing 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1778 (3d ed. 1998)).

"In wage and hour cases where a party seeks class certification based on allegations that the employer consistently imposed a uniform policy or de facto practice on class members, the party must still demonstrate that the illegal effects of this conduct can be proven efficiently and manageably within a class setting." *Duran v. U.S. Bank Nat. Assn.*, 59 Cal. 4th 1, 29, 172 Cal. Rptr. 3d 371 (2014). For this reason, the California Supreme Court has recognized that "misclassification class actions can pose difficult manageability challenges." *Id.* at 30. Accordingly, "[u]nless an employer's uniform policy or consistent practice violates wage and hour laws . . . California courts have been reluctant to certify class actions alleging misclassification." *Id.* at 30–31.

In *Wells Fargo*, the Ninth Circuit held that uniform application of an exemption, standing alone, is not sufficient to show predominance. 571 F.3d at 959. The court explained that when an employer has put a uniform exemption policy in place, to determine whether a plaintiff has proved misclassification district courts must still examine how each individual employee spent his or her time. *Id.* That is, "[t]he fact that an employer classifies all or most of a particular class of employees as exempt does not eliminate the need to make a factual determination as to whether class members are actually performing similar duties." *Id.* (quoting *Campbell*, 253 F.R.D. 586, 603 (E.D. Cal. 2008)).

Here, Plaintiffs contend that the predominance requirement is met because Dollar Tree's exemption policy is uniformly applied. (Reply at 5). Plaintiffs do not make any showing that an individualized factual determination will not be necessary to assess (1) whether class members worked overtime hours, (2) how many overtime hours they worked, and (3) whether, during those time periods, they performed non-managerial duties more than half the time. *Wells Fargo* thus controls. Individual questions would predominate over Plaintiffs' attempts to show that Dollar Tree applies its exemption policy in a uniform manner.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-03813-MWF (PJWx)             **Date:** February 7, 2017

**Title:** Curtis Patton, et al. -*v*- Dollar Tree Stores, Inc., et al.

---

Although Plaintiffs list several questions that they believe are common among class members, "[w]hat matters to class certification . . . is not the raising of common 'questions' —even in droves — but, rather the capacity of a classwide proceeding to generate common ***answers*** apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Dukes*, 564 U.S. at 350 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 NYU L. Rev. 97, 131–132 (2009)). Dissimilarities in how each separate Store Manager, in each separate store, in different districts around the state, all with distinct labor budgets and labor needs, are likely to make the ultimate liability determination impossible on a classwide basis. *See also, e.g.*, *Soderstedt v. CBIZ S. California, LLC*, 197 Cal. App. 4th 133, 158, 127 Cal. Rptr. 3d 394 (2011) (affirming district court's denial of class certification on misclassification claim); *Arenas v. El Torito Restaurants, Inc.*, 183 Cal. App. 4th 723, 736, 108 Cal. Rptr. 3d 15 (2010) (same); *Dunbar v. Albertson's, Inc.*, 141 Cal. App. 4th 1422, 1434, 47 Cal. Rptr. 3d 83 (2006) (same).

At the hearing, counsel for Plaintiffs attempted to circumvent this issue by contending that Dollar Tree's ***policy*** of failing to ensure that employees it has classified as exempt are truly spending more than half of their time on managerial tasks is ***itself*** a violation of the UCL. (*See also* Mot. at17–21, Reply at 5). But Plaintiffs cite to no case law approving of this theory of liability under the UCL, and the Court is aware of none. Simply citing to the general guidelines that exemptions are narrow and should be construed against the employer, *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960), or the "strong public policy in favor of full payment of wages for all hours worked[,]" *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 324, 37 Cal. Rptr. 3d 460 (2005), is not sufficient to prove the existence of what appears to the Court to be a novel theory of liability under the UCL. If California intended to create a path for Plaintiffs to sidestep the individualized showing required to prove liability in traditional misclassification claims, the Court presumes that this would be clear either from the text of the Labor Code or subsequent court decisions interpreting employers' obligations under the UCL. To the extent that the availability of this theory of liability

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-15-03813-MWF (PJWx)          Date:  February 7, 2017
Title:     Curtis Patton, et al. -*v*- Dollar Tree Stores, Inc., et al.

is an open question, the Court will err on the side of not reading new theories of liability into California law.

In any case, to have standing to sue plaintiffs alleging a violation of the UCL still must show they have suffered an injury in fact and have lost money or property as a result of the defendant's unfair business practices.  *See Arias v. Superior Court*, 46 Cal. 4th 969, 977, 95 Cal. Rptr. 3d 588 (2009) (explaining that Proposition 64 changed the law changed to require a showing of injury to allege a claim under the UCL). Therefore, to meet the UCL's standing requirements, each class member will need to make the same individualized showing of injury as would be required under a more typical misclassification claim.  Even assuming Plaintiffs' novel legal theory is viable in California, Plaintiffs have failed to show that common questions predominate as required by Rule 23(b)(3).  *See Wells Fargo*, 571 F.3d at 959.

Accordingly, the Motion is **DENIED** as to the Store Manager Subclass.

V.    **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED** *in part* and **DENIED** *in part*.  The Court certifies a class of all persons employed in one or more of Dollar Tree's retail stores in California at any time on or after April 2, 2014, who received their wages via direct deposit or Pay Card and have not entered into an arbitration agreement with Dollar Tree.

IT IS SO ORDERED.