Mike Arias (CSB #115385)
Mikael H. Stahle (CSB #182599)
**ARIAS SANGUINETTI STAHLE**
**& TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168
mike@asstlawyers.com
mikael@asstlawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS PATTON, an individual, on behalf of himself and all others similarly situated; FRANCISCA GUILLEN, an individual, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. CV 15-3813-MWF (PJWx) <br><br> Hon. Michael W. Fitzgerald <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION FOR APPROVAL OF CLASS NOTICE** <br><br> Date:       April 3, 2017 <br> Time:       10:00 a.m. <br> Courtroom: 5A <br><br> Complaint Filed: April 2, 2015 <br> Trial Date:           July 31, 2017 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 3, 2017, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 5A of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, Class Representative and Plaintiff Francisca Guillen ("Plaintiff") will and hereby does move the Court for an Order approving the form and content of her proposed class notice and the dissemination of same.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the separately filed Declaration of Mikael H. Stahle, the separately lodged [Proposed] Order, all pleadings and papers on file in this action, and upon such matters as may be presented to the Court at the time of the hearing.

This motion is made following the conferences of counsel pursuant to Local Rule 7-3 that took place on February 23, 2017.

Dated: March 6, 2017               **ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

By: _/s/ Mikael H. Stahle_
  MIKE ARIAS
  MIKAEL H. STAHLE

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

Plaintiff respectfully requests that this Court approve Plaintiff's Proposed Notice to the Class ("Notice"), attached as Exhibit C to the Declaration of Mikael H. Stahle ("Stahle Decl."), as well as Plaintiff's proposal for distribution of the Notice to the class members as set forth herein.  Plaintiff believes that compliance with due process and Rule 23 of the Federal Rules of Civil Procedure require that the Notice be mailed to all members of the class this Court certified on February 7, 2017 (the "Class"), to wit:

> All persons employed in one or more of Dollar Tree's retail stores in California at any time on or after April 2, 2014, who received their wages via direct deposit or Pay Card and have not entered into an arbitration agreement with Dollar Tree.

(Order re Motion for Class for Class Certification, Dkt #57, at 10.)

Despite having duly attempted to do so, Plaintiff has been unable to obtain Defendant's agreement on the form and content of a proposed notice and has been unable to avoid the necessity for a noticed motion.  (See Stahle Decl., ¶¶ 3-7.)

## II.

## THE PROPOSED FORM AND MANNER OF NOTICE COMPLIES WITH DUE PROCESS AND FEDERAL CLASS ACTION JURISPRUDENCE

The due process protections of the Fourteenth Amendment to the United States Constitution requires that in a class action brought under Rule 23(b)(3), class members must receive notice plus an opportunity to be heard and participate in the litigation and the opportunity to exclude themselves from the class.  (See *Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 314-315

["The notice must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action … .'"]; *Phillips Petroleum Co. v. Shuts* (1985) 472 U.S. 797, 812, citing *Mullane, supra*, at 314-315.)

Plaintiff respectfully requests that the Court approve Plaintiff's proposed approach to distributing notice to class members because it more than meets the requirements of due process and federal class action jurisprudence. As noted above, due process requires that potential class members be given notice of the proceedings, an opportunity to be heard and to participate therein, and the opportunity to exclude themselves from the class. (*Phillips Petroleum Co., supra*, at 811-12.) Rule 23(c)(2) of the Federal Rules of Civil Procedure requires that for "any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Under this "best notice practicable" standard, courts retain considerable discretion to tailor notice to the relevant circumstances: "The determination of what efforts to identify and notify are reasonable under the circumstances of the case rests in the discretion of the judge before whom the class action is pending." (3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, Newberg on Class Actions § 8:2 (4th ed. 2007), citation omitted.)

Plaintiff proposes that notice be provided via First Class U.S. mail to all members of the Class. The identities and contact information of the class members will be obtained from their employment records, which Defendant is required by law to maintain for a period of at least three years. (See Lab. Code § 1174(c), (d); 8 Cal. Code Regs. § 11070(7)(A).)

Prior to mailing, the addresses will be updated using the National Change of Address System ("NCOA") to increase mail deliverability and

accuracy. Once address information is obtained and verified, the notice packet will be mailed to class members via First Class U.S. mail. All notice packets that are returned by the postal service with a forwarding address will be re-mailed to the new address and the class member list will be updated accordingly. The analysis of the class list data produced by Defendant, address update, and the mailing of notice will be performed by KCC Class Action Services, LLC ("KCC"), an established, nationwide class action administrator. (See Exhibit D to Stahle Decl.)

In addition to providing notice via mail, the proposed notice also contemplates that the class members will also have access to a case specific website (www.DTClassAction.com) and a toll-free, automated telephone number, both of which will provide the same information that is available on the class notice. In addition to providing the information available on the class notice, the case specific website will also provide copies of the following documents: (i) the Order Certifying the Class; (ii) the Second Amended Complaint; (iii) Defendant's Answer to the Second Amended Complaint; and (iv) the Exclusion Request form. (See Exhibit C to Stahle Decl.)

As a general rule, due process requires individualized notice where the names and addresses of class members "may be ascertained through reasonable effort." (*Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156, 173, 177; see also *Phillips Petroleum Co. v. Shutts* (1985) 472 U.S. 797, 812 [where the membership of a class is known, notice by direct mail is the best notice practicable].) Courts have repeatedly held that notice by direct mail – the notice proposed here – is the "best practicable" notice under the circumstances. (*Silber v. Mabon* (9th Cir. 1994) 18 F.3d 1449, 1453-54.)

Plaintiff's proposal that a qualified administration firm handle the logistics of the class notice process is also reasonable and appropriate. Such firms, including KCC, are set up to perform class notice mailings efficiently,

competently, and at a reasonable cost, while maintaining accurate document-ation of the process. Their services frequently are used to perform class notice, they understand the process, they have experience in the mechanics of bulk mailing and address verification, and their independent, neutral status, protects the integrity of the process, and ensures that it is open for examination and review by both the parties and the Court.

Plaintiff proposes that the class members be given 35 days from the date of mailing of the Notice to request exclusion. This amount of time is sufficient to comply with due process requirements. (See, e.g., *Torrisi v. Tucson Elec. Power Co.* (9th Cir. 1993) 8 F.3d 1370, 1375 [inding notice mailed 31 days prior to deadline for submitting objections timely]; *Marshall v. Holiday Magic, Inc.* (9th Cir. 1977) 550 F.2d 1173, 1178 [notice mailed 26 days before deadline for opting out was "more than adequate"]; *U.S. v. Alabama* (11th Cir. 2008) 271 Fed.Appx. 896, 901 [holding that "the district court did not abuse its discretion in providing for two weeks' notice before objections were due"].) Plaintiff therefore requests that the Court provide that class members who wish to be excluded from the class must submit a request for exclusion no later than 35 days after the mailing of the class notice.

Accordingly, Plaintiff respectfully requests that the Court approve the instant Motion for Approval of Class Notice.

///
///
///

# III.

# CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully asks that the Court approve Plaintiff's proposed Class Notice and allow her to disseminate it to the certified Class in the manner proposed.

Dated: March 6, 2017

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

By: */s/ Mikael H. Stahle*
MIKE ARIAS
MIKAEL H. STAHLE

Attorneys for Plaintiffs