Mike Arias (CSB #115385)
Mikael H. Stahle (CSB #182599)
**ARIAS SANGUINETTI STAHLE**
**& TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168
mike@asstlawyers.com
mikael@asstlawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS PATTON, an individual, on behalf of himself and all others similarly situated; FRANCISCA GUILLEN, an individual, on behalf of herself and all others similarly situated, | Case No. CV 15-3813-MWF (PJWx) |
| | Hon. Michael W. Fitzgerald |
| | **CLASS ACTION** |
| Plaintiffs, | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, inclusive, | Date:        October 24, 2017<br>Time:        8:30 a.m.<br>Courtroom: 5A |
| Defendants. | Complaint Filed:  April 2, 2015<br>Trial Date:        October 24, 2017 |

**PLAINTIFF'S  PROPOSED  JURY  INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS

### 1.1A  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

## 1.1C  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS

**1.3  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

**1.6  WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed by stipulation.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

### 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence and any facts to which the lawyers have agreed by stipulation. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Example:

If you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

# 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

# 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

## 1.12  CONDUCT OF THE JURY

2

3    I will now say a few words about your conduct as jurors.

4

5    First, keep an open mind throughout the trial, and do not decide what the
verdict should be until you and your fellow jurors have completed your
6    deliberations at the end of the case.

7

8    Second, because you must decide this case based only on the evidence
received in the case and on my instructions as to the law that applies, you must
9    not be exposed to any other information about the case or to the issues it
involves during the course of your jury duty.  Thus, until the end of the case or
10   unless I tell you otherwise:

11

12   Do not communicate with anyone in any way and do not let anyone else
communicate with you in any way about the merits of the case or anything
13   to do with it.  This includes discussing the case in person, in writing, by
phone or electronic means, via e-mail, text messaging, or any Internet chat
14   room, blog, Web site or other feature.  This applies to communicating with
your fellow jurors until I give you the case for deliberation, and it applies to
15   communicating with everyone else including your family members, your
employer, and the people involved in the trial, although you may notify
16   your family and your employer that you have been seated as a juror in the
case.  But, if you are asked or approached in any way about your jury
17   service or anything about this case, you must respond that you have been
ordered not to discuss the matter and to report the contact to the court.
18

19

20

21

22   Because you will receive all the evidence and legal instruction you properly
may consider to return a verdict:  do not read, watch, or listen to any news
23   or media accounts or commentary about the case or anything to do with it;
do not do any research, such as consulting dictionaries, searching the
24   Internet or using other reference materials; and do not make any
investigation or in any other way try to learn about the case on your own.
25

26

27   The law requires these restrictions to ensure the parties have a fair trial based
on the same evidence that each party has had an opportunity to address.  A
28

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

1

**1.13  NO TRANSCRIPT AVAILABLE TO JURY**

2

3
     During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

4

5

6
     If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

**1.14  TAKING NOTES**

   If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

   Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

# 1.15  QUESTIONS TO WITNESSES BY JURORS

## INSTRUCTION

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

## PROCEDURES

In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1. At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;

2 Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side bar conference or by excusing jurors to the jury room;

3. The judge asks the question of the witness;

4. Counsel are permitted to ask appropriate follow up questions; and

5. The written questions are made part of the record.

Each court is encouraged to develop a form for juror use. The form makes it easier for the court to retain the question for inclusion in the court record.

The form should include the case name and number. Most of the form's page should be set aside for the juror to use in writing the proposed question. A section should also be reserved for the court to use in noting the date and time when the question was proposed and noting whether the judge allowed the question to be asked, either as proposed or as revised. The form may also be used to provide jurors with additional information, or even just a reminder, about the procedures discussed in this instruction.

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

# 1.19  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

## 2.2  STIPULATIONS OF FACT

    The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you]. You should therefore treat these facts as having been proved.

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [witness] was taken on [date].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

## 2.10  USE OF INTERROGATORIES OF A PARTY

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

## 2.11  EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

## 2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1

## 2.13  CHARTS AND SUMMARIES IN EVIDENCE

2

3      Certain charts and summaries have been received into evidence to illustrate
4   information brought out in the trial.  Charts and summaries are only as good as
    the underlying evidence that supports them.  You should, therefore, give them
5   only such weight as you think the underlying evidence deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

## 2.14  EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or any non juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At  my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you

**PLAINTIFF'S  PROPOSED  JURY  INSTRUCTIONS**

must inform me immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

### 3.1  DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

## 3.2  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

### 3.3  RETURN OF VERDICT

A verdict form has been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1

2

**3.4  ADDITIONAL INSTRUCTIONS OF LAW**

3

4      At this point I will give you a further instruction.   By giving a further
instruction at this time, I do not mean to emphasize this instruction over any
other instruction.

5

6      You are not to attach undue importance to the fact that this was read
separately to you.   You shall consider this instruction together with all of the
other instructions that were given to you.

7

8

9      [Insert text of new instruction.]

10

11     You will now retire to the jury room and continue your deliberations.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1

2

## 3.5  DEADLOCKED JURY

3

4      Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

5

6      As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

7

8

9

10

11

12      All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

13

14

15

16      I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

17

18

19

20      You may now retire and continue your deliberations.

21

22

23

24

25

26

27

28

**PLAINTIFF'S  PROPOSED  JURY  INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

# JUDICIAL COUNSEL OF CALIFORNIA
# CIVIL JURY INSTRUCTIONS (CACI)

### Series 100 Pretrial
### CACI 115.  "Class Action" Defined (Plaintiff Class)

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class."  Plaintiff Francisca Guillen brings this action as the class representative.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately.  Because of the large number of claims that are at issue in this case, not everyone in the class will testify.  You may assume that the evidence at this trial applies to all class members.  All members of the class will be bound by the result of this trial.

In this case, the class consists of the following:

*All persons employed in one or more of Dollar Tree's retail stores in California at any time on or after April 2, 2014, who received their wages via direct deposit or Pay Card and have not entered into an arbitration agreement with Dollar Tree.*

**PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**Series 200 Evidence**

**CACI 203.  Party Having Power to Produce Better Evidence**

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**Series 200 Evidence**

**CACI 215.  Exercise of a Communication Privilege**

People have a legal right not to disclose what they told their attorney in confidence because the law considers this information privileged. People may exercise this privilege freely and without fear of penalty.

You must not use the fact that a witness exercised this privilege to decide whether he or she should be believed. Indeed, you must not let it affect any of your decisions in this case.

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

# SPECIAL JURY INSTRUCTIONS

## SPECIAL INSTRUCTION NO. 1
### Non-Compliant Electronic Wage Statement

At the time of each payment of wages, an employer is required to provide to each employee an accurate itemized statement in writing showing the total hours worked by the employee, all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate by the employee, in addition to other information required by law.

The employer may satisfy the requirement that the itemized statement be in writing by providing the itemized information by electronic means, provided that the employee is able to do all three of the following:

(a)    easily access the information;

(b)    convert the information to print at no cost to herself;  and

(c)    elect to receive the information in hardcopy form on an ongoing basis each pay period.

If the employer knowingly and intentionally fails to ensure any one of the above three requirements, the employee is deemed to have suffered injury and is entitled to recover fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding a total of four thousand dollars ($4,000).

The employer's violation is "knowing and intentional" if it is not an isolated incident and instead arises out of the employer's failure to adopt policies, procedures, and practices that comply with all three of the above requirements.

**Authority:**  Cal. Lab. Code § 226; DLSE Op. Ltr. No. 2006.07.06; DLSE Op. Ltr. No. 2002.12.04; DLSE Op. Ltr. No. 1999.07.19; *Derum v. Saks & Co.* (S.D.Cal. 2015) 95 F.Supp.3d 1221; *Apodaca v. Costco Wholesale Corp.* (C.D.Cal.) 2014 WL 2533427; *Apodaca v. Costco Wholesale Corp.* (C.D.Cal.) 2012 WL 12336225; *Garnett v. ADT LLC* (E.D.Cal.) 2015 WL 5896065; *Willner v. Manpower Inc.* (N.D.Cal. 2014) 35 F.Supp.3d 1116.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

### SPECIAL INSTRUCTION NO. 2

#### Statutory Period

The "statutory period" in this case extends from April 2, 2014 to the present.  This means that you must consider any evidence that is admitted concerning events that occurred during that period.

Plaintiff reserves the right to amend these proposed jury instructions if the interests of justice or other reasons so require.

Dated: September 21, 2017      **ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

By: * /s/ Mike Arias*
        MIKE ARIAS

        Attorneys for Plaintiffs

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**