Mike Arias (CSB #115385)
Mikael H. Stahle (CSB #182599)
**ARIAS SANGUINETTI STAHLE**
**& TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone:  (310) 844-9696
Facsimile:  (310) 861-0168
mike@asstlawyers.com
mikael@asstlawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS PATTON, an individual, on behalf of himself and all others similarly situated; FRANCISCA GUILLEN, an individual, on behalf of herself and all others similarly situated,<br><br>   Plaintiffs,<br><br>  vs.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. CV 15-3813-MWF (PJWx)<br><br>Hon. Michael W. Fitzgerald<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**<br><br>Date:  October 24, 2017<br>Time:  8:30 a.m.<br>Courtroom: 5A<br><br>Complaint Filed:  April 2, 2015<br>Trial Date:  October 24, 2017 |

*ARIAS SANGUINETTI STAHLE & TORRIJOS LLP*

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

## INDEX TO JURY INSTRUCTIONS PROPOSED BY PLAINTIFF

I.  Instructions Agreed Upon by All Parties ……………..…… *Index starts on Page i*

II.  Instructions Disputed by Plaintiff ………….….…… *Index starts on Page v*

III.  Instructions Added by Plaintiff (Presumed Disputed) ... *Index starts on Page x*

| I.  INSTRUCTIONS AGREED UPON BY ALL PARTIES: | | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| 1. | **Duty of Jury (Court Reads Instructions at the Beginning of Trial But Does Not Provide Written Copies)** | 9th Circuit, No. 1.3 (July 2017) | 1 |
| 2. | **Conduct of the Jury** | 9th Circuit, No. 1.15 (July 2017) (as modified) | 3 |
| 3. | **Bench Conferences and Recesses** | 9th Circuit, No. 1.20 (July 2017) (as modified) | 6 |
| 4. | **Cautionary Instruction – Before Court Recess** | 3 Fed. Jury Prac. & Instr. § 102.01 (6th ed. 2006) | 7 |
| 5. | **Taking Notes** | 9th Circuit, No. 1.18 (July 2017) (as modified) | 9 |
| 6. | **What Is Evidence** | 9th Circuit, No. 1.9 (July 2017) (as modified) | 10 |
| 7. | **What Is Not Evidence** | 9th Circuit, No. 1.10 (July 2017) (as modified) | 11 |
| 8. | **Ruling on Objections** | 9th Circuit, No. 1.13 (July 2017) | 13 |
| 9. | **Credibility of Witnesses** | 9th Circuit, No. 1.14 (July 2017) | 14 |

PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

| I.  INSTRUCTIONS AGREED UPON BY ALL PARTIES: | | | |
|---|---|---|---|
| No. | Title | Source | Page |
| 10. | Instructions to Alternate Jurors | CACI No. 111 (2017) | 16 |
| 11. | Burden of Proof – Preponderance of the Evidence | 9th Circuit, No. 1.6 (July 2017) (as modified) | 17 |
| 12. | Evidence for Limited Purpose | 9th Circuit, No. 1.11 (July 2017) (as modified) | 18 |
| 13. | Outline of Trial | 9th Circuit, No. 1.21 (July 2017) | 19 |
| … | | | |
| 15. | "Class Action" Defined (Plaintiff Class) | CACI No. 115 (2017) (as modified) | 20 |
| 16. | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | 9th Circuit, No. 1.4 (July 2017) (as modified) | 21 |
| 17. | Evidence | CACI No. 5002 (2017) | 23 |
| 18. | Burden of Proof – Preponderance of the Evidence | 9th Circuit, No. 1.6 (July 2017) (as modified) | 25 |
| 19. | Direct and Circumstantial Evidence | 9th Circuit, No. 1.12 (July 2017) | 26 |
| 20. | Ruling on Objections | 9th Circuit, No. 1.13 (July 2017) | 27 |
| 21. | Taking Notes | 9th Circuit, No. 1.18 (July 2017) (as modified) | 28 |
| 22. | Stipulated Testimony | 9th Circuit, No. 2.1 (July 2017) | 29 |
| 23. | Stipulations of Fact | 9th Circuit, No. 2.2 (July 2017) | 30 |

PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

| I.  INSTRUCTIONS AGREED UPON BY ALL PARTIES: | | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| 24. | **Judicial Notice** | 9th Circuit, No. 2.3 (July 2017) | 31 |
| 25. | **Expert Opinion** | 9th Circuit, No. 2.13 (July 2017) (as modified) | 32 |
| 26. | **Charts and Summaries Not Received in Evidence** | 9th Circuit, No. 2.14 (July 2017) (as modified) | 33 |
| 27. | **Charts and Summaries Received in Evidence** | 9th Circuit, No. 2.15 (July 2017) (as modified) | 34 |
| 28. | **Evidence in Electronic Format** | 9th Circuit, No. 2.16 (July 2017) | 35 |
| 29. | **Demonstrative Evidence** | CACI No. 5020 (2017) (as modified) | 37 |
| 30. | **Arguments of Counsel Not Evidence of Damages** | CACI No. 3925 (2017) | 38 |
| … | | | |
| 33. | **Special Instruction – Definition of "Semimonthly"** | Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/semimonthly, last accessed August 10, 2017 | 39 |
| … | | | |
| 35. | **Special Instruction – No Requirement Regarding Size, Shape, or Form of Wage Statement** | Cal. Lab. Code § 226(a) | 40 |
| … | | | |
| 42. | **Special Instruction – Provide** | Merriam-Webster, http://www.merriam- | 41 |

Page iii          CV 15-3813-MWF (PJWx)

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

| I.  INSTRUCTIONS AGREED UPON BY ALL PARTIES: | | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| | | webster.com/dictionary/provide | |
| … | | | |
| 45. | **Jurors Not to Consider Attorney Fees and Court Costs** | CACI No. 3964 (2017) | 42 |
| … | | | |
| 48. | **Duty to Deliberate** | 9th Circuit, No. 3.1 (July 2017) | 43 |
| 49. | **Predeliberation Instructions** | CACI No. 5009 (2017) (as modified). | 44 |
| 50. | **Consideration of Evidence – Conduct of the Jury** | 9th Circuit, No. 3.2 (July 2017) | 47 |
| 51. | **Communication with Court** | 9th Circuit, No. 3.3 (July 2017) | 50 |
| … | | | |
| 53. | **Corporations and Partnerships – Fair Treatment** | 9th Circuit, No. 4.1 (July 2017) | 51 |
| 54. | **Deadlocked Jury** | 9th Circuit, No. 3.7 (July 2017) (as modified) | 52 |

///

///

///

**PLAINTIFF'S  PROPOSED  AMENDED  JURY  INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

| II.  INSTRUCTIONS DISPUTED BY PLAINTIFF: | | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| 14. | **Claims and Defenses** | 9th Circuit, No. 1.5 (July 2017) (as modified) | 54 |
| 31. | **Special Instruction – Labor Code 226 – Essential Factual Elements** | Cal. Labor Code § 226 | 56 |
| 32. | **Special Instruction – Individual Convenience Considerations Immaterial** | Reporter's Transcript of Proceedings held on July 24, 2017, at 11:20-22 | 58 |
| 34. | **Special Instruction – Definition of "Writing"** | Cal. Labor Code § 8, 226; Cal. Civil Code § 1633.7(c) | 60 |
| 36. | **Special Instruction – DLSE Opinion Letter Is Not Law** | *Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557, 571 (1996) ("Of course, interpretations that arise in the course of case-specific adjudication are not regulations . . . [and] are not subject to the rulemaking provisions of the [Administrative Procedure Act].") (citations omitted) | 61 |
| 37. | **Special Instruction – DLSE Opinion Letter Cannot Require More Than the Statute** | *Marin Hosp. Dist. v. Dep't of Health,* 92 Cal. App. 3d 442, 447-48 (1979) (holding that *even* where regulation was adopted pursuant to the Administrative Procedure Act, it cannot require more than the statute: "[the regulation at issue] *is invalid* as being inconsistent with the statute *because it is more restrictive than the statute*") (emphasis added), *superseded on other grounds by* | 64 |

PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

| II. INSTRUCTIONS DISPUTED BY PLAINTIFF: | | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| | | *statute as stated in Patton v. Sherwood*, 152 Cal. App. 4th 339 (2007); *accord Tidewater Marine W., Inc.*, 14 Cal. 4th at 571 (holding that advice letters and policy manuals that failed to follow the procedures of the Administrative Procedure Act are not regulations) | |
| 38. | **Special Instruction – Knowing and Intentional** | *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1130-31 (N.D. Cal. 2014) | 66 |
| 39. | **Special Instruction – Knowing and Intentional – Dispute** | *Apodaca v. Costco Wholesale Corp.*, No. CV12–5664 DSF (Ex), 2014 WL 2533427, *3 (C.D. Cal. Jun. 5, 2014) ("Where an employer has a good faith belief that it is not in violation of Section 226, any violation is not knowing and intentional."); *Guilfoyle v. Dollar Tree Stores, Inc.*, No. 12-cv-00703-GEB-CKD, 2014 U.S. Dist. LEXIS 2207, *19 (E.D. Cal. Jan. 8, 2014) (recognizing "good faith dispute defense" but finding '[t]he factual question of whether an employer had a good faith belief that it was not violating Section 226 is generally for the factfinder to resolve at trial.'") (quoting *Ricaldai v. US Investigations Servs., LLC*, 878 F. Supp. 2d 1038, 1047 (C.D. Cal. 2012)); *but see Novoa v. Charter* | 68 |

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

| II.  INSTRUCTIONS DISPUTED BY PLAINTIFF: | | | |
|---|---|---|---|
| No. | Title | Source | Page |
| | | *Comms., LLC*, 100 F. Supp. 3d 1013, 1027-28 (E.D. Cal. 2015) (noting split of authority); *and Kao v. Joy Holiday*, 12 Cal. App. 5th 947, 961-62 (2017) (rejecting good faith defense for a failure to list Section 226(a) required information on a wage statement | |
| 40. | **Special Instruction – Knowing and Intentional – Substantial Compliance** | *Elliot v. Spherion Pacific Work, LLC,* 572 F. Supp. 2d 1169, 1180 (C.D. Cal. 2008); *York v. Starbucks Corp.*, No. CV 08–07919 GAF, 2009 WL 8617536 (C.D. Cal. Dec. 3, 2009) (holding use of the fictitious business name "Starbucks Coffee Company" was a sufficient representation of the company's legal name "Starbucks Corporation" for purposes of Section 226(a)(8)); *Loud v. Eden Med. Ctr.*, No. C-12-02936 EDL, 2013 WL 4605856 (N.D. Cal. Aug. 28, 2013) (denying plaintiff's Section 226(a)(6) and (8) claims where the employer did not indicate its corporate status on the wage statement because the court deemed the defendant's corporate status immaterial to plaintiff's wage statement claims) | 70 |
| 41. | **Special Instruction – Injury** | Cal. Labor Code § 226(e)(2)(A) | 71 |

**PLAINTIFF'S  PROPOSED  AMENDED  JURY  INSTRUCTIONS**

| II. INSTRUCTIONS DISPUTED BY PLAINTIFF: | | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| 43. | **Special Instruction – Designation of Pay Location** | Cal. Labor Code § 207 | 73 |
| 44. | **Special Instruction – Business Judgment** | *See, e.g.*, *Walker v. AT&T Technologies*, 995 F.2d 846, 850 (8th Cir. 1993) (reversible error not to give the following jury instruction when requested; "[A]n employer has the right to make business decisions -- to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge -- for good reason, bad reason, or no reason at all, absent intentional . . . discrimination."); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012 n.6 (1st Cir. 1979) ("While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination. . . . The jury must understand that its focus is to be on the employer's motivation, however, and not on its business judgment.") | 74 |
| 46. | **No Punitive Damages** | CACI No. 3924 (2017) | 76 |
| 47. | **Special Instruction – No Speculation** | *Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir. 1981); *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, | 77 |

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

| II.  INSTRUCTIONS DISPUTED BY PLAINTIFF: | | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| | | 1735 (1994) | |
| 52. | **Return of Verdict** | 9th Circuit, No. 3.5 (July 2017) (as modified) | 78 |

///

///

///

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

| III.  INSTRUCTIONS ADDED BY PLAINTIFF (PRESUMED DISPUTED): | | | |
|------|-------|--------|------|
| **No.** | **Title** | **Source** | **Page** |
| 55. | **Party Having Power to Produce Better Evidence** | CACI No. 203 (2017) | 80 |
| 56. | **Deposition in Lieu of Live Testimony** | 9th Circuit, No. 2.4 (July 2017) (as modified) | 81 |
| 57. | **Exercise of a Communication Privilege** | CACI No. 215 (2017) | 82 |
| 58. | **Special Instruction – Statutory Period** | Cal. Lab. Code § 226(e)(1); Cal. Code Civ. Proc. § 340(a); *Novoa v. Charter Communications, LLC* (E.D.Cal. 2015) 100 F.Supp.3d 1013, 1024-1025 (penalty claim subject to one-year statute) | 83 |
| 59. | **Special Instruction – Labor Code § 213, Direct Deposit Only by Agreement** | Cal. Lab. Code § 213(d). | 84 |
| 60. | **Special Instruction – Labor Code § 219, No Waiver of Rights by Private Agreement** | Cal. Lab. Code § 219(a). | 85 |
| 61. | **Special Instruction – Labor Code § 226, Non-Compliant Electronic Wage Statement** | Cal. Lab. Code § 226(a); DLSE Op. Ltr. No. 2006.07.06; DLSE Op. Ltr. No. 2002.12.04; DLSE Op. Ltr. No. 1999.07.19; *Derum v. Saks & Co.* (S.D.Cal. 2015) 95 F.Supp.3d 1221; *Apodaca v. Costco Wholesale Corp.* (C.D.Cal.) 2014 WL 2533427; *Apodaca v. Costco Wholesale Corp.* (C.D.Cal.) 2012 WL 12336225 | 86 |

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

| III. INSTRUCTIONS ADDED BY PLAINTIFF (PRESUMED DISPUTED): | | | |
|---|---|---|---|
| **No.** | **Title** | **Source** | **Page** |
| 62. | **Special Instruction – Labor Code § 226, Employee Deemed Injured** | Cal. Lab. Code § 226(e)(2)(A); *Garnett v. ADT LLC* (E.D.Cal.) 2015 WL 5896065, *8-*9 | 88 |
| 63. | **Special Instruction – Labor Code § 226, Knowing and Intentional** | Cal. Lab. Code § 226(e)(3); *Willner v. Manpower Inc.* (N.D.Cal. 2014) 35 F.Supp.3d 1116 | 89 |

///

///

///

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

# I.  INSTRUCTIONS AGREED UPON BY ALL PARTIES

## INSTRUCTION NO. 1

## DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1  [Authority: 9th Cir. Model Civ. Jury Instr. 1.3 (2007), updated Jul. 2017.]

2

3                                                          GIVEN: _____

4                                                        REFUSED: _____

5                                                     MODIFIED: _____

6                                              WITHDRAWN: _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 2**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and

Page 3       CV 15-3813-MWF (PJWx)

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not

Page 4          CV 15-3813-MWF (PJWx)

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.15 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 3**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.20 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 4**

**CAUTIONARY INSTRUCTION BEFORE COURT RECESS**

We are about to take our first recess [break]. I want to remind you of the instructions I gave earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

[Authority: 3 Fed. Jury Prac. & Instr. § 102.01 (6th ed. 2006).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 5**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.18 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.9 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 7**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

Page 11          CV 15-3813-MWF (PJWx)

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1

2

3        (4)    Anything you may see or hear when the court was not in session is

4               not evidence. You are to decide the case solely on the evidence

5               received at the trial.

6

7    [Authority: 9th Cir. Model Civ. Jury Instr. 1.10 (2007), updated Jul. 2017 (as

8    modified).]

9                                                        GIVEN: _____

10                                                     REFUSED: _____

11                                                   MODIFIED: _____

12                                                 WITHDRAWN: _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.13 (2007), updated Jul. 2017.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 9**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.   People often forget things or make

Page 14          CV 15-3813-MWF (PJWx)

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.14 (2007), updated Jul. 2017.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 10**

**INSTRUCTIONS TO ALTERNATE JURORS**

As [an] alternate juror[s], you are bound by the same rules that govern the conduct of the jurors who are sitting on the panel. You will observe the same trial and should pay attention to all of my instructions just as if you were sitting on the panel. Sometimes a juror needs to be excused during a trial for illness or some other reason. If that happens, an alternate will be selected to take that juror's place.

[Authority: CACI No. 111 (2017).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 11**

**BURDEN OF PROOF –**
**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.6 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

**INSTRUCTION NO. 12**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.11 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 13**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.21 (2007), updated Jul. 2017.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1

**INSTRUCTION NO. 15**

2

3

**"CLASS ACTION" DEFINED (PLAINTIFF CLASS)**

4

5      A class action is a lawsuit that has been brought by one or more

6   plaintiffs on behalf of a larger group of people who have similar legal claims.

7   All of these people together are called a "class."   Plaintiff Francisca Guillen

8   brings this action as the class representative.

9

10      In a class action, the claims of many individuals can be resolved at the

11   same time instead of requiring each member to sue separately.   Because of the

12   large number of claims that are at issue in this case, not everyone in the class

13   will testify.   You may assume that the evidence at this trial applies to all class

14   members.   All members of the class will be bound by the result of this trial.

15

16      In this case, the class consists of the following:

17

18      *All persons employed in one or more of Dollar Tree's retail stores*

19      *in California at any time on or after April 2, 2014, who received*

20      *their wages via direct deposit or Pay Card and have not entered*

21      *into an arbitration agreement with Dollar Tree.*

22

23   [Authority: CACI No. 115 (2017) (as modified).]

24

25                                              GIVEN: _____

26                                            REFUSED: _____

27                                        MODIFIED: _____

28                                     WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED  AMENDED  JURY  INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 16**

**DUTY OF JURY (COURT READS AND PROVIDES**
**WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

[Authority: 9th Cir. Model Civ. Jury Instr. 1.4 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

## INSTRUCTION NO. 17

## EVIDENCE

You must decide what the facts are in this case only from the evidence you have seen or heard during the trial, including any exhibits that I admit into evidence. Sworn testimony, documents, or anything else may be admitted into evidence. You may not consider as evidence anything that you saw or heard when court was not in session, even something done or said by one of the parties, attorneys, or witnesses.

What the attorneys say during the trial is not evidence. In their opening statements and closing arguments, the attorneys talk to you about the law and the evidence. What the lawyers say may help you understand the law and the evidence, but their statements and arguments are not evidence.

The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because an attorney's question suggested that it was true. [However, the attorneys for both sides have agreed that certain facts are true. This agreement is called a stipulation. No other proof is needed and you must accept those facts as true in this trial.]

Each side had the right to object to evidence offered by the other side. If I sustained an objection to a question, ignore the question and do not guess as to why I sustained the objection. If the witness did not answer, you must not guess what he or she might have said. If the witness already answered, you must ignore the answer.

Page 23       CV 15-3813-MWF (PJWx)

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

[During the trial I granted a motion to strike testimony that you heard.  You must totally disregard that testimony.  You must treat it as though it did not exist.]

[Authority: CACI No. 5002 (2017).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 18**

**BURDEN OF PROOF –**
**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.6 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

# INSTRUCTION NO. 19

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.12 (2007), updated Jul. 2017.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

## INSTRUCTION NO. 20

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the evidence that I told you to disregard.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.13 (2007), updated Jul. 2017.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 21**

**TAKING NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.18 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 22**

**STIPULATED TESTIMONY**

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

[Authority: 9th Cir. Model Civ. Jury Instr. 2.1 (2007).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 23**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as Exhibit __ that will be read to you.  You must therefore treat these facts as having been proved.

[Authority: 9th Cir. Model Civ. Jury Instr. 2.2 (2007), updated Jul. 2017.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 24**


**JUDICIAL NOTICE**


     The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.


[Authority: 9th Cir. Model Civ. Jury Instr. 2.3 (2007), updated Jul. 2017.]


GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

**INSTRUCTION NO. 25**

**EXPERT OPINION**

You have heard testimony from [*name*] who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

[Authority: 9th Cir. Model Civ. Jury Instr. 2.13 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1

**INSTRUCTION NO. 26**

2

3

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

4

5    Certain charts and summaries not admitted into evidence [may be] [have

6  been] shown to you in order to help explain the contents of books, records,

7  documents, or other evidence in the case.  Charts and summaries are only as

8  good as the underlying evidence that supports them.  You should, therefore,

9  give them only such weight as you think the underlying evidence deserves.

10

11  [Authority: 9th Cir. Model Civ. Jury Instr. 2.14 (2007), updated Jul. 2017 (as

12  modified).]

13                                                   GIVEN: _____

14                                                 REFUSED: _____

15                                              MODIFIED: _____

16                                          WITHDRAWN: _____

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

*ARIAS SANGUINETTI STAHLE & TORRIJOS LLP*

**INSTRUCTION NO. 27**

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

[Authority: 9th Cir. Model Civ. Jury Instr. 2.15 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 28**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note. In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

[Authority: 9th Cir. Model Civ. Jury Instr. 2.16 (2007), updated Jul. 2017.]

GIVEN: _____
REFUSED: _____
MODIFIED: _____
WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED  AMENDED  JURY  INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 29**

**DEMONSTRATIVE EVIDENCE**

During the trial, materials have been shown to you to help explain testimony or other evidence in the case. [Some of these materials have been admitted into evidence, and you will be able to review them during your deliberations.  Other materials have also been shown to you during the trial, but they have not been admitted into evidence.] You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.

[Authority: CACI No. 5020 (2017) (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

## INSTRUCTION NO. 30

## ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

[Authority: CACI No. 3925 (2017).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 33**

**SPECIAL INSTRUCTION**
**DEFINITION OF "SEMIMONTHLY"**

"Semimonthly" means twice per month.

[Authority: Merriam-Webster Dictionary, https://www.merriam-webster.com /dictionary/semimonthly, last accessed August 10, 2017.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 35**

**SPECIAL INSTRUCTION**
**NO REQUIREMENT REGARDING SIZE,**
**SHAPE, OR FORM OF WAGE STATEMENT**

The law does not require that a wage statement, itself, be in any particular size, shape, or form.

[Authority: Cal. Labor Code § 226(a).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 42**

**SPECIAL INSTRUCTION**
**PROVIDE**

"Provide" means to supply or make available (something wanted or needed).

[Authority: Merriam-Webster Dictionary, https://www.merriam-webster.com /dictionary/provide.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 45**

**JURORS NOT TO CONSIDER**
**ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

[Authority: CACI No. 3964 (2017).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 48**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[Authority: 9th Cir. Model Civ. Jury Instr. 3.1 (2007), updated Jul. 2017.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 49**

**PREDELIBERATION INSTRUCTIONS**

When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently.

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense and experience in deciding whether testimony is true and accurate. However, during your deliberations, do not make any statements or provide any information to other jurors based on any special training or unique personal experiences that you may have had related to matters involved in this case. What you may know or have learned through your training or experience is not a part of the evidence received in this case.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

Sometimes jurors disagree or have questions about the evidence or about what the witnesses said in their testimony. If that happens, you may ask to have testimony read back to you. Also, jurors may need further explanation about the laws that apply to the case. If this happens during your discussions, write down your questions and give them to the [clerk/bailiff/court attendant]. I will talk with the attorneys before I answer so it may take some time. You should continue your deliberations while you wait for my answer. I will do my best to answer them. When you write me a note, do not tell me how you voted on an issue until I ask for this information in open court.

All of you must agree on each of the questions in the verdict. When you have finished filling out the form, and answered all the questions as instructed, the presiding juror must date and sign the form(s) and notify the [bailiff/clerk/court attendant] that you are ready to present your verdict in the courtroom.

Your decision must be based on your personal evaluation of the evidence presented in the case. Each of you may be asked in open court how you voted on each question.

While I know you would not do this, I am required to advise you that you must not base your decision on chance, such as a flip of a coin. If you decide to award damages, you may not agree in advance to simply add up the amounts each juror thinks is right and then, without further deliberations, make the average your verdict.

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

1   [Authority: CACI No. 5009 (2017) (as modified).]

2

3                                                              GIVEN: _____

4                                                            REFUSED: _____

5                                                          MODIFIED: _____

6                                                    WITHDRAWN: _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 50**

**CONSIDERATION OF EVIDENCE –**
**CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries,

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

1  [Authority: 9th Cir. Model Civ. Jury Instr. 3.2 (Jul. 2017).]

2

3                                        GIVEN: _____

4                                     REFUSED: _____

5                                   MODIFIED: _____

6                              WITHDRAWN: _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 51**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

[Authority: 9th Cir. Model Civ. Jury Instr. 3.3 (Jul. 2017).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

Page 50          CV 15-3813-MWF (PJWx)

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 53**

**CORPORATIONS AND PARTNERSHIPS –**
**FAIR TREATMENT**

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

[Authority: 9th Cir. Model Civ. Jury Instr. 4.1 (Jul. 2017).]

GIVEN: _____
REFUSED: _____
MODIFIED: _____
WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 54**

**DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors.  During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

You may now return to the jury room and continue your deliberations.

[Authority: 9th Cir. Model Civ. Jury Instr. 3.7 (Jul. 2017).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

## II.  INSTRUCTIONS DISPUTED BY PLAINTIFF

### INSTRUCTION NO. 14

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Francisca Guillen, who will be referred to throughout this case as "Plaintiff," "Plaintiff Guillen," or "Guillen," for herself and on behalf of a class of employees, who will be referred to as the "Class," brings this lawsuit against Defendant Dollar Tree Stores, Inc., who will be referred to as "Defendant," "Defendant Dollar Tree," or "Dollar Tree." Plaintiff Guillen claims that Defendant Dollar Tree knowingly and intentionally failed to provide her and the Class with wage statements as required by California law. Plaintiff Guillen has the burden of proving this claim for herself and the Class. She seeks damages for injuries to her and the Class.

Defendant Dollar Tree denies this claim and asserts that it has, at all times, acted in compliance with California law. Defendant Dollar Tree also denies that Plaintiff Guillen and the Class suffered any injury whatsoever or that its conduct warrants any penalty.

[Authority: 9th Cir. Model Civ. Jury Instr. 1.5 (2007), updated Jul. 2017 (as modified).]

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

## BASIS FOR PLAINTIFF'S OBJECTION

Plaintiff does not object to the Court's instructing the jury on the parties' claims and defenses. Plaintiff contends, however, that Defendant's version of this instruction misrepresents the nature of the claim asserted by Plaintiff and the Class. Plaintiff proposes the following language for this instruction:

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Francisca Guillen, who will be referred to throughout this case as "Plaintiff," "Plaintiff Guillen," or "Guillen," for herself and on behalf of a class of employees, who will be referred to as the "Class," brings this lawsuit against Defendant Dollar Tree Stores, Inc., who will be referred to as "Defendant," "Defendant Dollar Tree," or "Dollar Tree."

Plaintiff alleges that Defendant knowingly and intentionally failed to provide wage statements that complied with California law. Plaintiff alleges that Defendant provided wage statement information to her and the Class via electronic means only and that they were unable to, (1) easily access the information, and (2) choose to receive traditional hardcopy wage statements instead.

Plaintiff alleges that because Defendant failed to provide her and the other class members with wage statements that complied with California law, Plaintiff and the other class members are deemed to have suffered injury and are entitled to statutory penalties.

Defendant Dollar Tree denies this claim and asserts that it has, at all times, acted in compliance with California law. Defendant Dollar Tree also denies that Plaintiff Guillen and the Class suffered any injury whatsoever or that its conduct warrants any penalty.

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 31**

**SPECIAL INSTRUCTION**
**LABOR CODE 226 – ESSENTIAL FACTUAL ELEMENTS**

In order to prevail on her claim under California Labor code section 226, Plaintiff must prove, on behalf of the Class, by a preponderance of the evidence that:

1. Defendant failed to furnish wage statements to each class member in writing semimonthly or at the time of each payment of wages;

2. Each time Defendant failed to do so, Defendant's failure was knowing and intentional; and

3. Each class member suffered a resulting injury.

[Authority: Cal. Labor Code § 226.]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction would confuse the jury about the nature of the claims Plaintiff is asserting on behalf of herself and the Class. For instance, whether Defendant provided the class members' wage statement information in electronic form via in-store cash register "semimonthly or at the time of each payment of wages" is not an issue, as the timing and frequency of the electronic wage statements are undisputed. Plaintiff maintains that proposed Instructions Nos. 61-63

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1   (see, *infra*, Section III) more accurately set forth the requirements of Labor Code

2   section 226 as they pertain to the issues raised by this case.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 32**

**SPECIAL INSTRUCTION**
**INDIVIDUAL CONVENIENCE CONSIDERATIONS IMMATERIAL**

Compliance with Labor Code section 226 is not dependent on individual convenience considerations.

[Authority: Reporter's Transcript of Proceedings held on July 24, 2017, at 11:20-22.]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction is incomplete and would confuse the jury. Even though determining whether the electronic-only wage statement information is "easily accessible" to the Class does not depend on convenience considerations of individual class members, the instruction fails to explain to (or remind) the jury that one of its tasks in this case is to determine whether a reasonable employee would conclude that she has "easy access" to her wage statement information. This question is one of fact that must be answered by a jury applying a reasonable person standard, taking into account evidence of how consumers today are accustomed to accessing information about themselves in light of available technology, including financial information such as banking and information received from employers. (See *Sherkate Sahami Khass Rapol (Rapol Constr. Co.) v. Henry R. Jahn & Son, Inc.* (2nd Cir. 1983) 701 F.2d 1049, 1051 [application of reasonableness standard generally presents question of fact; *Foley v. Matulewicz* (1984) 17 Mass.App.Ct. 1004, 1005 [jury has "unique competence in applying the reasonable man standard to a given fact

1  situation"], citing 10A Wright, Miller & Kane, Federal Practice & Proc. § 2427

2  at 194; see also *Burlington Northern & Santa Fe Ry. Co. v. White* (2006) 548

3  U.S. 53, 54 [objective standard of reasonable employee applied to lawfulness

4  of employer's conduct]; see also Order on Motion for Summary Judgment [Dkt

5  #104] at 7-8.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 34**

**SPECIAL INSTRUCTION**
**DEFINITION OF "WRITING"**

A "writing" is any form of recorded message capable of comprehension by ordinary visual means. If a law requires a record to be in writing, an electronic record satisfies the law.

[Authority: Cal. Labor Code § 8, 226; Cal. Civil Code § 1633.7(c).]

**BASIS FOR PLAINTIFF'S OBJECTION**

Plaintiff does not object to the first sentence, as it is limited to an accurate definition of the word "writing." The second sentence, however, departs from the act of defining a word and instead sets forth a statement of law. Moreover, this statement of law is completely irrelevant to this case, as the statement concerns whether an electronic record is sufficient to satisfy a requirement that the information be set forth in "writing." That is not an issue in the present case, which only concerns whether the electronic record in question is "easily accessible," not whether it satisfies a rule that the information be set forth in writing. It is undisputed that the electronic wage statements in the present case constitute a "form of recorded message capable of comprehension by ordinary visual means."

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 36**

**SPECIAL INSTRUCTION**
**DLSE OPINION LETTER IS NOT LAW**

Opinion letters from the California Department of Labor Standards
Enforcement are its interpretations that arise from case-specific questions and do
not have the force and effect of law.

[Authority: *Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557, 571 (1996)
("Of course, interpretations that arise in the course of case-specific adjudication
are not regulations . . . [and] are not subject to the rulemaking provisions of the
[Administrative Procedure Act].") (citations omitted).]

**BASIS FOR PLAINTIFF'S OBJECTION**

The statement that DLSE opinion letters "do not have the force and effect of
law" is not accurate.  The court in *Derum v. Saks & Co.* (S.D.Cal. 2015) 95
F.Supp.3d 1221 called the DLSE's 2006 letter "the primary California
authority on electronic wage statements."  Defendant argues the 2006 letter
should be disregarded because it is limited to the facts presented and the letter
itself "emphasizes it is not binding authority."  However, Defendant's
suggestion that the 2006 letter lacks any weight as legal authority and provides
no rules of general application is simply not true:

> This opinion letter sets forth an interpretation of Labor Code
> section 226(a) which is *utilized in our administrative enforcement
> efforts* of the wage statement requirement. This interpretation is
> based on *our understanding as to the current state of the law* and,
> of course, is subject to subsequent interpretations by the courts

**PLAINTIFF'S  PROPOSED  AMENDED  JURY  INSTRUCTIONS**

and/or action of the Legislature. Employers are advised that while the *courts may find this opinion of the enforcement agency to be persuasive authority*, they are not required to follow this interpretation and that compliance with the guidelines suggested herein do not establish a "safe harbor" in actions brought by private parties under auspices of the Labor Code Private Attorneys General Act of 2004 (PAGA) or other private enforcement actions.

(DLSE Opinion Letter No. 2006.07.06 at 4, emphasis added.)

While the DLSE's construction of a statute is not binding on this Court, it is "entitled to consideration and respect" (*Murphy v. Kenneth Cole Prods., Inc.* (2007) 40 Cal.4th 1094, 1106, fn. 7.)   This is especially true where, as here, DLSE's construction of the statute reflects a consistent position over time.   (See *Yamaha Corp. of Am. v. State Bd. of Equal.* (1998) 19 Cal.4th 1, 13 [position more deserving of weight where agency has "consistently maintained the interpretation in question"]; *Murphy, supra*, at 1106, fn. 7 [agency's construction not entitled to "significant deference" where it *contradicts* its original interpretation].)

Moreover, in light of the DLSE's having maintained its statutory interpretation without change since 1999, it deserves particular weight where it is the *only known authority* on whether and under what circumstances electronic wage statements satisfy Section 226(a).   (See *Cornn v. United Parcel Service, Inc.* (N.D.Cal.) 2005 WL 588431, *3 [unless it reflects an inconsistent agency position, "the Court would be inclined to follow the only known authority on a particular issue"].)   Here, the *Derum* court found that the 2006 letter is the "primary California authority on electronic wage statements." (*Derum, supra*, at 1226.)

The fact that the DLSE has since withdrawn the 1999 and 2002 letters is of no import here, as the reason it did so was merely to dispel confusion over whether "employers [were] required to secure DLSE approval for electronic delivery of wage statements in California." (See *Murphy, supra*, at 1106, fn. 7

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1    [relying on withdrawn opinion letters to determine consistency of interpret-

2    ation by DLSE].)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARIAS SANGUINETTI STAHLE & TORRIJOS LLP**

**INSTRUCTION NO. 37**

**SPECIAL INSTRUCTION**
**DLSE OPINION LETTER CANNOT**
**REQUIRE MORE THAN THE STATUTE**

An opinion letter from the California Department of Labor Standards Enforcement cannot be interpreted as requiring more than what the statute it is offering an opinion on requires.

[Authority: *Marin Hosp. Dist. v. Dep't of Health,* 92 Cal. App. 3d 442, 447-48 (1979) (holding that *even* where regulation was adopted pursuant to the Administrative Procedure Act, it cannot require more than the statute: "[the regulation at issue] *is invalid* as being inconsistent with the statute *because it is more restrictive than the statute*") (emphasis added), *superseded on other grounds by statute as stated in Patton v. Sherwood*, 152 Cal. App. 4th 339 (2007); *accord Tidewater Marine W., Inc.*, 14 Cal. 4th at 571 (holding that advice letters and policy manuals that failed to follow the procedures of the Administrative Procedure Act are not regulations).]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction is inappropriate and unnecessary, as the 2006 opinion letter provides the opposite of what Defendant suggests. The statute in question, Labor Code section 226, provides that the employer shall "furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or

1    cash, an accurate itemized statement in writing[.]"  Nothing on the face of this
2    language permits Defendant to provide wage statements in electronic form to
3    employees who are paid by direct deposit.  In other words, the 2006 opinion
4    letter presents an interpretation of Section 226 that is more *permissive* than the
5    express language of the statute.  Given that "[t]he purpose of the wage statement
6    requirement is to provide transparency as to the calculation of wages [and to
7    allow] an employee to verify if he or she is being properly paid" (Op. Ltr. at 2),
8    there is good reason for an expansive reading of the statute to allow employers and
9    employees to make use of technology that furthers these goals.  However, in prov-
10   iding wage statement information electronically to its direct deposit employees
11   while restricting their access to it, Defendant has availed itself of the benefits of
12   this technology without heeding the requirements designed to safeguard the goals
13   of transparency and verification.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 38**

**SPECIAL INSTRUCTION**
**KNOWING AND INTENTIONAL**


The requirement that conduct be "knowing and intentional" requires that Plaintiff prove something more than a violation of California Labor Code section 226 alone.


[Authority: *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1130-31 (N.D. Cal. 2014).]


**BASIS FOR PLAINTIFF'S OBJECTION**


This instruction would confuse the jury, as it is both vague and unnecessary. Section 226(e)(3) provides that a a violation is "knowing and intentional" where it is not an isolated incident and instead arises out of the employer's failure to adopt policies that comply with Section 226(a). (Lab. Code § 226(e)(3); see *Willner v. Manpower Inc.* (N.D.Cal. 2014) 35 F.Supp.3d 1116, 1129-1131 [knowing and intentional if employer was aware of facts plaintiff claimed constituted violation of 226(a); employer need not have known conduct was unlawful].) Here, Plaintiff has shown that Defendant's failure to provide wage statements in compliance with Section 226(a) arises directly out of Defendant's classwide electronic wage statement policy. Defendant's failure to make its electronic wage statements "easily accessible" to Plaintiff and the other members of the class, as well as its failure to allow them to elect to receive hardcopy statements in lieu of electronic ones, are inherent in the policy itself and are not isolated incidents. While it may be correct to say that a showing of

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"knowing and intentional" requires "something more than a violation of [Section 226(a)] alone," Plaintiff's proposed Instruction No. 63 more accurately describes what that "something more" is.

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 39**

**SPECIAL INSTRUCTION**
**KNOWING AND INTENTIONAL – DISPUTE**

Conduct cannot be "knowing and intentional" if a Defendant has a good faith belief that delivering electronic wage statements at work in the matter in which Defendant did so complied with Labor Code section 226.

[Authority: *Apodaca v. Costco Wholesale Corp.*, No. CV12–5664 DSF (Ex), 2014 WL 2533427, *3 (C.D. Cal. Jun. 5, 2014) ("Where an employer has a good faith belief that it is not in violation of Section 226, any violation is not knowing and intentional."); *Guilfoyle v. Dollar Tree Stores, Inc.*, No. 12-cv-00703-GEB-CKD, 2014 U.S. Dist. LEXIS 2207, *19 (E.D. Cal. Jan. 8, 2014) (recognizing "good faith dispute defense" but finding '[t]he factual question of whether an employer had a good faith belief that it was not violating Section 226 is generally for the factfinder to resolve at trial.'") (quoting *Ricaldai v. US Investigations Servs., LLC*, 878 F. Supp. 2d 1038, 1047 (C.D. Cal. 2012)); *but see Novoa v. Charter Comms., LLC*, 100 F. Supp. 3d 1013, 1027-28 (E.D. Cal. 2015) (noting split of authority); *and Kao v. Joy Holiday*, 12 Cal. App. 5th 947, 961-62 (2017) (rejecting good faith defense for a failure to list Section 226(a) required information on a wage statement).]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction is contrary to the law.  Defendant argues that a "good faith dispute" defense should apply to the knowing and intentional element, much like courts have found in the context of the failure to pay all wages upon termination

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

under Labor Code section 203.  (See *Ming-Hsiang Kao v. Joy Holiday* (2017) 12 Cal.App.5th 947, 963; *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App. 4th 36, 54.)   However, the willfulness requirements under Labor Code sections 203 and 226 are different, and the court in *Novoa v. Charter Comm., LLC* (E.D.Cal. 2015) 100 F.Supp.3d 1013 explains why a good faith dispute defense would be non-sensical under Section 226:

> [R]efusal to recognize the judicially-created good faith defense is more consistent with Section 226(e)(3). If an employer's belief that it is in compliance with Section 226(a) were adequate to render any violation not knowing and not intentional, whether an employer had *actually* "adopted ... a set of policies ... that fully comply with" Section 226—which subdivision (e)(3) advises a factfinder to consider—would be irrelevant. Additionally, it would be equally meaningless for subdivision (e)(3) to note that an "isolated and unintentional payroll error due to a clerical or in-advertent mistake" is not knowing and intentional because a good faith belief that the employer complied with Section 226(a) would likely envelop all inadvertent mistakes. Accordingly, though some district courts in the circuit have read a good faith defense into to Section 226(e), this Court declines to do so. In other words, this Court holds that a mistake of law—even when made in good faith—does not prevent Defendant's conduct from knowingly and intentionally failing to comply with subdivision (a).

(*Id*. at 1028-1029; see also *Ming-Hsiang Kao v. Joy Holiday, supra*, at 962 ["good faith" mistake of law does not excuse liability under section 226].)

**INSTRUCTION NO. 40**

**SPECIAL INSTRUCTION**
**KNOWING AND INTENTIONAL – SUBSTANTIAL COMPLIANCE**

You cannot find that Defendant acted "knowingly and intentionally" if Defendant did essentially what was required under Labor Code section 226 and any failure to do so was trivial or unimportant to the purpose of Labor Code section 226.

[Authority: *Elliot v. Spherion Pacific Work, LLC,* 572 F. Supp. 2d 1169, 1180 (C.D. Cal. 2008); *York v. Starbucks Corp.*, No. CV 08–07919 GAF, 2009 WL 8617536 (C.D. Cal. Dec. 3, 2009) (holding use of the fictitious business name "Starbucks Coffee Company" was a sufficient representation of the company's legal name "Starbucks Corporation" for purposes of Section 226(a)(8)); *Loud v. Eden Med. Ctr.*, No. C-12-02936 EDL, 2013 WL 4605856 (N.D. Cal. Aug. 28, 2013) (denying plaintiff's Section 226(a)(6) and (8) claims where the employer did not indicate its corporate status on the wage statement because the court deemed the defendant's corporate status immaterial to plaintiff's wage statement claims).]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction would confuse the jury and unfairly prejudice Plaintiff and the Class by suggesting to the jury that legal support exists for the proposition that violations that go to the very purpose of Section 226—transparency and verific-ation—are "trivial and unimportant," when courts only make such findings where the errors are indeed trivial, such as where the employer's name is misspelled.

Page 70      CV 15-3813-MWF (PJWx)

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 41**

**SPECIAL INSTRUCTION**
**INJURY**

If you find that Defendant failed to furnish wage statements to each class member in writing semimonthly or at the time of each payment of wages, and Defendant's failure to do so was knowing and intentional, you must decide if plaintiff, on behalf of the class, proved each class member was injured. Plaintiff, on behalf of the class, has the burden of proving each of the following elements by the preponderance of the evidence:

(1) that Defendant failed to provide Plaintiff and each class member a wage statement; and

(2) the number of times that Defendant failed to provide each class member a wage statement between April 2, 2014 and the date of trial.

[Authority: Cal. Labor Code § 226(e)(2)(A)]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction would confuse the jury about the nature of the claims Plaintiff is asserting on behalf of herself and the Class. Plaintiff is not required to, as this instruction suggests, make an individual showing of "injury" as each class member. Plaintiff alleges that because Defendant failed to provide her and the Class with wage statements that complied with California law, Plaintiff and the

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

Class are deemed to have suffered injury and are entitled to statutory penalties. (See Cal. Lab. Code § 226(e)(1), (e)(2)(A).)   Plaintiff maintains that proposed Instruction No. 62 (see, *infra*, Section III) more accurately reflects the injury requirement under Section 226.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 43**

**SPECIAL INSTRUCTION**
**DESIGNATION OF PAY LOCATION**

Employers must designate when employees will be paid (*i.e.*, payday) and where employees will receive their pay. Accordingly, an employer can designate the workplace as the location where its employees will receive their pay.

[Authority: Cal. Labor Code § 207.]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction is not relevant to any issue in this case.  It is undisputed that Plaintiff and the Class are paid via direct deposit (which is not at the store) and all others receive their checks at the store.  The issues in this case concern whether the wage statement information that Defendant provides electronically only, and then only via login to in-store cash registers, is "easily accessible" and whether Defendant allows the Class to choose to receive traditional hard-copy wage statements instead.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 44**

**SPECIAL INSTRUCTION**
**BUSINESS JUDGMENT**

You may not find that Defendant violated Labor Code section 226 based upon a belief that Defendant made an error in business judgment.

[Authority: *See, e.g.*, *Walker v. AT&T Technologies*, 995 F.2d 846, 850 (8th Cir. 1993) (reversible error not to give the following jury instruction when requested; "[A]n employer has the right to make business decisions -- to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge -- for good reason, bad reason, or no reason at all, absent intentional . . . discrimination."); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012 n.6 (1st Cir. 1979) ("While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination. . . . The jury must understand that its focus is to be on the employer's motivation, however, and not on its business judgment.").]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction is hopelessly vague and would confuse the jury. More-over, an employer cannot insulate itself from liability under the Labor Code by citing "business decisions." California's wage and hour laws are remedial in nature and must be applied liberally to promote the protection of wages, hours, and working conditions. (*Industrial Welfare Com. v. Superior Court* (1980) 27

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1    Cal.3d 690, 702, 724; *Gerard v. Orange Coast Mem. Medical Center* (2015)

2    234 Cal.App.4th 285, 293.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 46**

**NO PUNITIVE DAMAGES**

You must not include in your award any damages to punish or make an example of Defendant. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Plaintiff for her loss.

[Authority: CACI 3924 (2017).]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction would confuse and mislead the jury, who will only be asked to award statutory penalties.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

**INSTRUCTION NO. 47**

**SPECIAL INSTRUCTION**
**NO SPECULATION**

Plaintiff, for herself and on behalf of the class, must prove the claim on behalf of each class member with evidence in order to prevail. Speculation, suspicions, surmises, guesses, or conjectures are not evidence and are insufficient to meet this burden.

[Authority: *Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir. 1981); *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1735 (1994).]

**BASIS FOR PLAINTIFF'S OBJECTION**

This instruction is unfair and prejudicial, as it suggests to the jury that Plaintiff's evidence is inherently suspect and should not believed. The instruction would be acceptable if phrased as follows:

Speculation, suspicions, surmises, guesses, or conjectures are not evidence.

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 52**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

[Authority: 9th Cir. Model Civ. Jury Instr. 3.5 (2007), updated Jul. 2017 (as modified).]

**BASIS FOR PLAINTIFF'S OBJECTION**

Plaintiff does not object to the Court's instructing the jury on the task of filling out the verdict form. Plaintiff contends, however, that Defendant's version of this instruction fails to give the jury sufficiently clear and detailed direction. Plaintiff proposes the following language for this instruction:

A verdict form has been prepared for you. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form in the order they appear. After you answer a question, the form tells you what to do next.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1    After you have reached unanimous agreement on a verdict, your
2    presiding juror should complete the verdict form according to your deliber-
3    ations, sign and date it, and advise the clerk that you are ready to return to the
4    courtroom.

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

### III.  INSTRUCTIONS ADDED BY PLAINTIFF
### (PRESUMED DISPUTED)[1]

### INSTRUCTION NO. 55

### PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

[Authority: CACI No. 203 (2017).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

---

[1] Having been unable as of yet to conduct a full and thorough meet-and-confer with Defendant regarding the proposed jury instructions for the trial in this matter, which meet-and-confer Plaintiff expects to take place without further delay, Plaintiff here sets forth her added proposed instructions based on the presumption that Defendant objects to them until given the opportunity to meet and confer and attempt to resolve any disputes.  Plaintiff is hopeful, however, that the parties will be able to resolve most, if not all, disputes and that the Court's involvement will be kept to a minimum.

Page 80          CV 15-3813-MWF (PJWx)

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 56**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

[Authority: 9th Cir. Model Civ. Jury Instr. 2.4 (2007), updated Jul. 2017 (as modified).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 57**

**EXERCISE OF A COMMUNICATION PRIVILEGE**

People have a legal right not to disclose what they told their attorney in confidence because the law considers this information privileged. People may exercise this privilege freely and without fear of penalty.

You must not use the fact that a witness exercised this privilege to decide whether he or she should be believed. Indeed, you must not let it affect any of your decisions in this case.

[Authority: CACI No. 215 (2017).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 58**

**SPECIAL INSTRUCTION**
**STATUTORY PERIOD**

The "statutory period" in this case extends from April 2, 2014 to the present.   This means that you must consider any evidence that is admitted concerning events that occurred during that period.

[Authority:  Cal. Lab. Code § 226(e)(1); Cal. Code Civ. Proc. § 340(a); *Novoa v. Charter Communications, LLC* (E.D.Cal. 2015) 100 F.Supp.3d 1013, 1024-1025 (penalty claim subject to one-year statute).]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1

**INSTRUCTION NO. 59**

2

3

**SPECIAL INSTRUCTION**

4

**LABOR CODE § 213 – DIRECT DEPOSIT ONLY BY AGREEMENT**

5

6         An employer may pay an employee by direct deposit into his or her bank

7   account but only with the agreement of the employee.

8

9   [Authority:  Cal. Lab. Code § 213(d).]

10

11                                                    GIVEN: _____

12                                                REFUSED: _____

13                                             MODIFIED: _____

14                                         WITHDRAWN: _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

**INSTRUCTION NO. 60**

**SPECIAL INSTRUCTION**
**LABOR CODE § 219 – NO WAIVER OF RIGHTS**
**BY PRIVATE AGREEMENT**

An agreement between employer and employee for the payment of the employee's wages by direct deposit may not be used to restrict the employee's other rights under the Labor Code.

[Authority:  Cal. Lab. Code § 219(a); *Schachter v. Citigroup, Inc.* (2009) 47 Cal.4th 610, 619.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

# INSTRUCTION NO. 61

## SPECIAL INSTRUCTION
## LABOR CODE § 226 – NON-COMPLIANT ELECTRONIC WAGE STATEMENT

At the time of each payment of wages, an employer is required to provide to each employee an accurate itemized statement in writing setting forth the total hours worked by the employee and the applicable hourly rates in effect during the pay period, in addition to other information required by law.

The employer may satisfy the requirement that the itemized statement be in writing by providing the itemized information by electronic means, provided that the employee is able to do all three of the following:

(a)     easily access the information;

(b)     convert the information to print at no cost to herself;  and

(c)     elect to receive the information in hardcopy form on an ongoing basis each pay period.

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

1  [Authority:  Cal. Lab. Code § 226(a); DLSE Op. Ltr. No. 2006.07.06; DLSE

2  Op. Ltr. No. 2002.12.04; DLSE Op. Ltr. No. 1999.07.19; *Derum v. Saks & Co.*

3  (S.D.Cal. 2015) 95 F.Supp.3d 1221; *Apodaca v. Costco Wholesale Corp.*

4  (C.D.Cal.) 2014 WL 2533427; *Apodaca v. Costco Wholesale Corp.* (C.D.Cal.)

5  2012 WL 12336225.]

6

7                                                    GIVEN: _____

8                                                  REFUSED: _____

9                                               MODIFIED: _____

10                                         WITHDRAWN: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 62**

**SPECIAL INSTRUCTION**
**LABOR CODE § 226 – EMPLOYEE DEEMED INJURED**

If the employer knowingly and intentionally fails to ensure any one of the above three requirements, the employee is deemed to have suffered injury and is entitled to recover a penalty of fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) for each subsequent pay period in which a violation occurs, not to exceed a total of four thousand dollars ($4,000).

To recover this penalty, the employee need not to prove that she suffered actual damages or incurred actual injury.

[Authority:   Cal. Lab. Code § 226(e)(2)(A); *Garnett v. ADT LLC* (E.D.Cal.) 2015 WL 5896065, *8-*9.]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**

1

**INSTRUCTION NO. 63**

2

3

**SPECIAL INSTRUCTION**

4

**LABOR CODE § 226 – KNOWING AND INTENTIONAL**

5

6

The employer's violation is "knowing and intentional" if it is not an isol-

7

ated incident and instead arises out of the employer's failure to adopt policies,

8

procedures, and practices that comply with all three of the above requirements.

9

10

[Authority:  Cal. Lab. Code § 226(e)(3); *Willner v. Manpower Inc.* (N.D.Cal.

11

2014) 35 F.Supp.3d 1116.]

12

13

GIVEN: _____

14

REFUSED: _____

15

MODIFIED: _____

16

WITHDRAWN: _____

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S  PROPOSED AMENDED JURY INSTRUCTIONS**

ARIAS SANGUINETTI STAHLE & TORRIJOS LLP

1   Plaintiff reserves the right to amend these proposed jury instructions if the

2   interests of justice or other reasons so require.

3

4   Dated: September 25, 2017          **ARIAS SANGUINETTI STAHLE**
                                       **& TORRIJOS LLP**
5

6                                      By: */s/ Mike Arias*
7                                         MIKE ARIAS

8                                         Attorneys for Plaintiffs

**PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTIONS**