**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCA GUILLEN, an individual, on behalf of herself and all others similarly situated,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; DOES, 1-100, inclusive,<br><br>            Defendants-Appellees. | No. 17-56779<br><br>D.C. No.<br>2:15-cv-03813-MWF-PJW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 8, 2019[**]
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

Plaintiff-Appellant Francisca Guillen brought this class action against her employer, Defendant-Appellee Dollar Tree Stores, Inc., claiming violations of California's statutory requirement that employers provide wage statements to their employees. At trial, the jury returned a verdict for Dollar Tree. Guillen challenges the district court's refusal to give her requested jury instruction, refusal to permit evidence of other employers' wage statement practices, and refusal to permit amendment of her complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We review a district court's formulation of civil jury instructions for abuse of discretion, *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005), but we review de novo whether an instruction states the law correctly, *Clem v. Lomeli*, 566 F.3d 1177, 1180–81 (9th Cir. 2009). Because Guillen's requested instruction lacked legal basis, the district court did not abuse its discretion. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014). Section 226(a) of the California Labor Code establishes requirements for employers furnishing and retaining copies of wage statements, but imposes no requirement governing how employees may access retained copies of past wage statements. *See* Cal. Lab. Code § 226(a). Those requirements are contained in separate provisions in section 226(b) and (c), violations of which were not claimed in this case. The 2006 Opinion Letter issued by California's Division of Labor Standards Enforcement, on which Guillen relies,

similarly makes clear that section 226(a) imposes no such requirement on employers. *See* Cal. Office of the State Labor Comm'r, Div. of Labor Standards Enf't, Dep't of Indus. Relations, Opinion Letter on Electronic Itemized Wage Statements (July 6, 2006) (after discussion of what section 226(a) requires, noting that "[a]*dditionally* . . . the record keeping requirements of Labor Code section 226 and 1174 must be adhered to and the pay records must be retained by the employer for a period of at least three years and *be accessible by employees and former employees*." (emphasis added)).

    2. Guillen also challenges the district court's preclusion of evidence of the methods used by similar employers to deliver wage statements to their employees. "A district court's evidentiary rulings are . . . reviewed for abuse of discretion, and the appellant is additionally required to establish that the error was prejudicial." *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). The district court excluded this evidence at trial under Federal Rule of Evidence 403, ruling that the "legal standard isn't that the company has to do the best method," "[i]t just has to have a sufficient method," and reasoning that the jury might wrongly infer from the comparison evidence that the applicable legal standard was "best practices." There is no legal authority requiring Dollar Tree to make its wage statements *as* accessible as similar businesses do, and the concern of the district court regarding jury confusion was well-founded. The district court's exclusion of

that evidence thus was not an abuse of discretion.

    3. Finally, Guillen argues that the district court abused its discretion by denying her leave to amend the complaint to allow her to be substituted as class representative for the claimed violation of California's Private Attorney General Act ("PAGA"). "We review for abuse of discretion the district court's denial of a motion to amend a complaint." *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). When the court-ordered deadline to amend has passed, motions for leave to amend are analyzed under the good cause standard of Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The court-ordered deadline to add parties or amend pleadings was December 14, 2015. Guillen did not initiate her PAGA pre-filing administrative notice requirement until October 26, 2016, and did not seek leave to file her Third Amended Complaint until February 2017. Guillen contends that she could not seek this amendment until she had complied with PAGA's notice requirement but offers no explanation as to why she delayed fulfilling that requirement for almost a year after the deadline to add parties or amend pleadings. Given the passage of time and absence of any good cause explanation from Guillen for the delay, the district court did not abuse its discretion by denying leave to amend.

    **AFFIRMED.**